IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–00026–EWN–PAC

ALPINE BANK, a Colorado banking corporation,

    Plaintiff,

v.

PLATT T. HUBBELL,
KELLEY S. HUBBELL, and
GEORGIA CHAMBERLAIN,
as Public Trustee of Garfield County, Colorado,

    Defendants and Third-Party Plaintiffs,

v.

CARNEY BROTHERS CONSTRUCTION,
a Colorado Corporation,
IAN CARNEY,
RICHARD CARNEY,
TEAMCORP, INC. d/b/a
DRAFT TEK, a Colorado corporation,
THANE R. LINCICOME,
T.J. CONCRETE CONSTRUCTION, INC.,
a Colorado corporation,

    Third-Party Defendants.

**ORDER AND MEMORANDUM OF DECISION**

## ANALYSIS

*1.   Facts*

This matter is before the court on Plaintiff's "Motion to Remand" filed February 7, 2005. Jurisdiction is premised upon 28 U.S.C. 1447(c)(West). The motion is based on the following undisputed facts. Defendants Platt Hubbell and Kelley Hubbell ("Defendants") executed a Promissory Note, a Construction Loan Agreement, and a Construction Deed of Trust with Plaintiff Alpine Bank ("Plaintiff") for a piece of property in Carbondale, Colorado. (Mot. to Remand at 1-2, Hubbells' Answer and Countercl. ¶ 4.) On November 10, 2004, Plaintiff Alpine Bank ("Plaintiff") filed a Complaint for Foreclosure Pursuant to Rule 105, C.R.C.P. ("Complaint") in District Court, Garfield County, Colorado. (Mot. to Remand at 2; Def.'s Resp. in Opp'n to Pl.'s Mot. to Remand at 2 [hereinafter Def.'s Resp].) On the same date, Plaintiff also recorded a Notice of Commencement of Action (Lis Pendens) ("Lis Pendens") with the Garfield County Clerk and Recorder. (Mot. to Remand at 2; Def.'s Resp. at 2.) On December 7, 2004, Plaintiff obtained formal service on Mr. Hubbell. (Mot. to Remand at 2; Def.'s Resp. at 2.) On January 6, 2005, based upon diversity of citizenship, Defendants removed the case from Garfield County District Court, to the United States District Court for the District of Colorado. (Mot. to Remand at 2; Def.'s Resp. at 2.)

*2.   Standard for Removal*

A civil action is removable only if a plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a)(West). The court is required to remand "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Id.* §

1447(c)(West). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party invoking the court's removal jurisdiction has the burden to establish the court's jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). The court must resolve any doubts in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

*3.    Analysis*

The issue is whether the notice of removal was timely filed. A removal is timely if it is filed

> [W]ithin thirty days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(West).

Plaintiff argues that it fulfilled the requirements of the statute by recording a notice of the Lis Pendens, thus giving Defendants constructive knowledge of the pending action. (Mot. to Remand at 4-5.) In this assertion, Plaintiff urges the court to follow the "receipt rule." This rule interprets the aforementioned statute to allow the time for removal to commence when the defendant obtains a copy of the initial pleading, regardless of whether the defendant has been properly served. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 356 (U.S. 1999)(defining the receipt rule). Plaintiff contends that Defendants were in receipt of the action

"through service or otherwise" pursuant to 28 U.S.C. 1446(b). (Mot. to Dismiss at 5.) Under this "receipt rule," the notice of removal would be untimely. Plaintiff relies on the Supreme Court's decision in *Murphy*, 526 U.S. 344. According to *Murphy*, the thirty-day period is triggered by either the "simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy*, 526 U.S. at 347-348.

This court is of the opinion that *Murphy* is controlling in this matter. Plaintiff argues that *Murphy* is inapposite because it required notice of removal within thirty days of the existence of *in personam* jurisdiction. It asserts that in the present case, the state court acquired *in rem* jurisdiction over the property upon the filing of the Lis Pendens. Therefore, it maintains that Defendants had thirty days from the existence of in rem jurisdiction in the state court to file their notice of removal.

I remain unconvinced that the Court intended *Murphy* to be qualified in such a manner. However, such a distinction make little difference in this case, where the state court did indeed acquire in personam jurisdiction. (Pl.'s Mot. to Dismiss at 2 ("Alpine Bank also sought personal service on the Hubbells to acquire in personam jurisdiction over them to allow for personal judgments on the Promissory Note").) The Lis Pendens only gave constructive notice of an adjudication of *jus in re*. *See Clopine v. Kemper*, 140 Colo. 360, 365 (Colo. 1959)(noting that the filing of a lis pendens gives "constructive notice of pending litigation affecting interests in

realty). By Plaintiff's own admission, it was then necessary to obtain in personam jurisdiction in order to obtain a personal judgment on the promissory note. (Mot. to Dismiss at 2.) By Plaintiff's own reasoning, *Murphy* is directly applicable to cases involving personam jurisdiction. (Mot. to Dismiss at 5.) This is such a case.

The Court in *Murphy* clearly expressed concern with the potential unfairness with which the "receipt rule" could operate regarding defendants. *See Murphy*, 526 U.S. at 356 (noting that "[b]ecause facsimile machines transmit instantaneously, but formal service abroad may take much longer than 30 days, plaintiffs would be able to dodge international treaty requirements and trap foreign opponents into keeping their suits in state courts"). To allow the adoption of that rule here would create a situation in which Defendants "procedural rights [could] slip away before service of a summons, i.e., before [they were] subject to any court's authority. *Id.*

Pursuant to *Murphy*, the statutory period began when Defendants received a copy of the complaint, after being properly served. Because this did not occur until December 7, 2004, Defendants' notice of removal on January 6, 2005 was timely.

### *3.    Conclusions*

Based on the foregoing it is therefore ORDERED that Plaintiff's Motion to Remand is DENIED.

Dated this  5th  day of August, 2005.

                                            BY THE COURT:

                                            s/Edward W. Nottingham
                                            EDWARD W. NOTTINGHAM
                                            United States District Judge