IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00026-EWN-PAC

ALPINE BANK, a Colorado banking corporation,

      Plaintiff(s),

v.

PLATT T. HUBBELL,
KELLEY S. HUBBELL, and
GEORGIA CHAMBERLAIN, as Public Trustee of Garfield County, Colorado,

      Defendants/Third-Party Plaintiffs,

v.

CARNEY BROTHERS CONSTRUCTION, a Colorado Corporation,
IAN CARNEY,
RICHARD CARNEY,
TEAMCORP, INC., d/b/a DRAFT TEK, a Colorado corporation,
THANE R. LINCICOME,
KERRY KARNAN and
T.J. CONCRETE CONSTRUCTION, INC., a Colorado corporation,

      Third-Party Defendant(s).

_____

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND COUNTERCLAIM
_____

**Patricia A. Coan, Magistrate Judge**

      Plaintiff has brought an action against the Hubbell defendants, Platt Hubbell and

Kelley Hubbell, on a promissory note and construction loan agreement to finance the

construction of a 6,000 square foot home in Garfield County, Colorado.  The Hubbells

assert counterclaims against Alpine Bank for negligent misrepresentation, breach of

contract, fraudulent nondisclosure and violation of the Colorado Consumer Protection Act.  The Hubbells also bring a third party action for breach of contract against the contractor, and claims against other third party defendants for construction and design defects in the home.

A January 10, 2005 General Case Management Order under 28 U.S.C. §636(b) referred this matter to the undersigned for certain pretrial case management.  See Doc. # 2.  An Amended General Case Management Order entered July 11, 2005.  See Doc. # 22.  The matter now before the Court is defendants and third party plaintiffs Hubbells' Motion to Amend Counterclaim, Doc. # 162, filed May 26, 2005.

I.

Defendant/third party plaintiff the Hubbells move to amend their answer and counterclaim to clarify the Hubbells' current domicile and to add a new counter claim of negligence and a new counter claim of breach of fiduciary duty against Alpine Bank. The Hubbells contend that they have good cause; that the facts in support of the new counterclaims are already in the current counterclaim; and, that Alpine Bank would not be prejudiced by the addition of two new claims because "discovery is ongoing" and Kelly Hubbell has not been deposed. Hubbells Motion, at 2-3.  Alpine Bank opposes the motion.

II.

Rule 15 applies to a motion to amend a complaint or a counterclaim.   Fed. R.

Civ. P. 15(a) provides for liberal amendment of pleadings.   Under well-established law,

leave to amend is a discretionary matter which is left to the trial court to determine.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow  v. Euripides Devel. Corp.*, 157

F.3d 785, 799 (10th Cir.1998).   Amendment under the rule has been freely granted.

*Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571, 1585 (10th Cir. 1993)

(internal citations omitted).   Refusing leave to amend is justified upon a showing of

undue delay, undue  prejudice to the opposing party, bad faith or dilatory motive.   *Las*

*Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

Even under the liberal standards Rule 15 provides for allowing amendments,

however, untimeliness alone may be a sufficient basis for denial of leave to amend and

prejudice to the opposing party need not also be shown.   *Frank v. U.S. West, Inc.*, 3

F.3d 1357, 1365 (10th Cir.1993); *Las Vegas*, 893 F. 2d at 1185.   Courts look to the

reasons for the delay and the presence or absence of excusable neglect.   *Federal Ins.*

*Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).   Leave to amend may

be denied where the moving party was aware of the facts on which the amendment was

based for some time prior to the filing of the motion to amend. *Id.* (internal citations

omitted).  Moreover, as the Tenth Circuit panel reasoned  in *Combs v. Price*

*Waterhouse Coopers, LLP.*, 382 F.3d 1196, 1206 (10th Cir. 2004):

> A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but equal attention should be given to the proposition that there must be an end finally to a particular litigation.... Much of the value of summary judgment procedure in the cases for which it is appropriate ... would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back along thereafter and fight on the basis of some other theory.

*Combs*, 382 F.3d at 1206.

III.

Here, the Hubbells maintain that all of the facts giving rise to the new claims were in the pending counterclaim, see Hubbell Motion at 2-3, 4, which was filed January 21, 2005.  See Doc. # 4.    In the intervening sixteen months, the Scheduling Order's deadline of November 11, 2005 to amend pleadings has passed, as have the extended discovery deadline of June 15, 2006 and the extended dispositive motions deadline of April 5, 2006.  The preliminary pretrial order has entered.  See Doc. #89.  Three dispositive motions are pending.  See Docs. ##43, 106 and 112.

The Hubbells have not given any explanation for the their failure to move to amend the complaint before May 26, 2006.  They maintain that they have good cause

to amend now "because the Bank has only recently attempted to avoid addressing the issues of its violation of applicable standards of due care and its breach of fiduciary obligations despite the inherent inclusion of those issues in the original Counterclaim and the parties' disclosures and discovery to date." Hubbell Motion at 7. The Hubbells cite no authority for that position. The Hubbells claim that no party would be prejudiced by the proposed amendment, arguing in part that some parties have addressed the proposed amendments in dispositive motions. Hubbell Motion at 4-5.

I find that the standard for amendment under Rule 15(a), Fed. R.Civ.P. in this case is timeliness and a showing of excusable neglect or good cause, not lack of prejudice to the other side. See *Frank*, 3 F.3d at 1365. Accordingly, since the Hubbells have not explained their untimeliness and have not demonstrated that there are new facts which should be litigated under the proposed negligence and breach of fiduciary duty theories, *Combs* and *Federal Insurance Co.*, require that the Hubbells' motion to amend their counterclaim to add two new counterclaims should be denied as untimely.

The motion will be granted with respect to correcting the Hubbells' answer and counterclaim to reflect their current domicile.

IV.

For the reasons stated, IT IS HEREBY

**ORDERED** that defendants and third party plaintiff Hubbells' Motion to Amend Counterclaim, Doc. # 162, filed May 26, 2005, is granted in part and denied in part as

follows.  It is further

      **ORDERED** that the Hubbells may amend their answer and counterclaim no later than **July 3, 2006** to reflect their current domicile only.  It is further

      **ORDERED** that no other amendment of the answer and counterclaim requested is permitted.  It is further

      **ORDERED** that defendants and third party plaintiffs Hubbells' Motion to Amend Counterclaim, Doc. # 162, filed May 26, 2006, will not be considered at the June 29, 2006 motions hearing.

      Dated this 22[rd] day of June, 2006.

By the Court:

s/Patricia A. Coan
Patricia A. Coan
Magistrate Judge