IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–00026–EWN–PAC

ALPINE BANK, a Colorado banking corporation,

    Plaintiff,

v.

PLATT T. HUBBELL,
KELLEY S. HUBBELL, and
GEORGIA CHAMBERLAIN,
as Public Trustee of Garfield County, Colorado,

    Defendants/Third-Party Plaintiffs.

v.

CARNEY BROTHERS CONSTRUCTION, a
Colorado corporation,
IAN CARNEY,
RICHARD CARNEY,
TEAMCORP, INC. d/b/a DRAFT TEK, a Colorado
Corporation,
THANE R. LINCICOME,
T.J. CONCRETE CONSTRUCTION, INC., a
Colorado Corporation,

    Third-Party Defendants.

**ORDER AND MEMORANDUM OF DECISION**

This is a breach of contract and deed foreclosure case. Plaintiff Alpine Bank ("Alpine") alleges that Defendants and Third-Party Plaintiffs Platt T. Hubbell, Kelley S. Hubbell ("the Hubbells"), and Georgia Chamberlain breached the contract between them and encumbered certain real property. Additionally, Third-Party Plaintiffs assert various claims against Third Party Defendants Carney Brothers Construction ("CBC"), Ian Carney, Richard Carney, Teamcorp, Inc. d/b/a/ Draft-Tek, Thane R. Lincicome, and T.J. Concrete Construction, Inc. Third-Party Plaintiffs assert: (1) negligent design and construction claims against Third-Party Defendants CBC, Ian Carney, Richard Carney, Draft-Tek, T.J. Construction, and Lincicome; (2) negligent misrepresentation against Third-Party Defendants CBC, Ian Carney, and Richard Carney; (3) breach of contract against Third-Party Defendant CBC; (4) breach of contract against Third-Party Defendant Draft-Tek; (5) "Alter/Ego/Piercing the Corporate Veil" against Third-Party Defendants Ian Carney and Richard Carney; and (6) unjust enrichment against Defendants CBC, Ian Carney, and Richard Carney. This matter is before the court on "Thane R. Lincicome's Motion to Dismiss Third-Party Complaint," filed September 26, 2005.

## FACTS

### 1. *Factual Background*

The following facts are taken from Alpine's initial complaint and the Hubbells' third-party complaint. Alpine is a banking corporation formed under the laws of the State of Colorado. (Compl. for Foreclosure Pursuant to Rule 105, C.R.C.P. ¶ 1 [filed Nov. 10, 2004] [hereinafter "Compl."].) The Hubbells own real property ("the Property") that is the subject of this litigation.

(*Id.* ¶ 2.) On or about January 22, 2003, the Hubbells executed and delivered a promissory note to Alpine, in the original principal sum of $1,280,000.00, along with a construction loan agreement. (*Id.* ¶ 6.) Alpine alleges that the Hubbells have failed to make payments required by the promissory note and construction loan agreement. (*Id.* ¶ 7.) Both the promissory note and the construction loan agreement are now in default. (*Id.*)

In January 2003, the Hubbells entered into a contract with CBC to construct a single family home of approximately 6,000 square feet along with a 3,100 square foot garage and apartment on the Property. (Third-Party Compl. ¶ 9 [filed July 11, 2005] [hereinafter "Third-Party Compl."].) The Hubbells allege that CBC, Ian Carney, and Richard Carney induced them to hire CBC by representing that: (1) the Hubbells would have exclusive use of CBC's services during construction; and (2) CBC, Ian Carney, and Richard Carney would work in the most time and cost efficient manner possible. (*Id.* ¶ 10.) The Hubbells contend CBC recommend that they hire Draft-Tek instead of an architect to complete plans and specifications for the project. (*Id.* ¶ 12.) Draft-Tek retained Lincicome, a licensed professional engineer, to perform the structural specifications for the residence. (*Id.* ¶ 14.) Lincicome prepared the specifications and affixed his official stamp on the construction plans tendered to the Hubbells and CBC. (*Id.*)

CBC in turn hired T.J. Concrete to begin the construction and T.J. Concrete poured the foundation in May 2003. (*Id.* ¶¶ 15–16.) The Hubbells contend that prior to the start of construction, CBC represented to the Hubbells that it obtained all the necessary building permits. (*Id.* ¶ 17.) The Hubbells notified Alpine and indicated that Richard Carney would be dropping off

copies to them. (*Id.*) The Hubbells relied upon the fact that Alpine would not disburse any loan proceeds unless they received the necessary building permits. (*Id.*) Despite this fact, Alpine disbursed over $750,000 in loan proceeds without ever having received the necessary building permits. (*Id.*) The Hubbells expressed concern to Alpine regarding the amount of disbursements going to CBC as profit and overhead. (*Id.* ¶ 18.) In each instance, the Hubbells allege that Alpine assured them the amount disbursed for profit and overhead was not unusual, but ordinary and customary. (*Id.*) After construction began, Alpine learned of improper book-keeping and banking practices by CBC, Ian Carney, and Richard Carney. (*Id.* ¶ 19.) Following this information, Alpine closed CBC's business account and removed Richard Carney as a signatory on the Hubbells' construction loan account. (*Id.* ¶ 20.) The Hubbells contend that Alpine should have disclosed CBC's fraudulent and improper practices "[b]ecause of the special relationship that exited between [Alpine] and the Hubbells relating to the construction loan . . . ." (*Id.* ¶ 21.)

## 2. *Procedural History*

On November 10, 2004, Alpine filed a complaint in District Court in Garfield County, Colorado. (Compl.) Alpine asserted claims for: (1) breach of the promissory note against the Hubbells, (2) breach of the construction agreement against the Hubbells, and (3) default under the deed of trust against Chamberlain. (*Id.* ¶¶ 5–16.) On January 6, 2005, the Hubbells removed the case to this court. (Defs.' Notice of Removal [filed Jan. 6, 2005].) On January 21, 2005, the Hubbells filed an answer and counterclaim against Alpine. (Hubbells' Answer and Countercl. [Jan. 21, 2005].) The Hubbells asserted the following counterclaims: (1) negligent

misrepresentation, (2) breach of contract, (3) fraudulent misrepresentation, and (4) violations of the consumer protection act.  (*Id.* ¶¶ 25–43.)  On February 14, 2005, Alpine filed a reply to the Hubbells' counterclaim.  (Reply to Countercl. [filed Feb. 14, 2005].)

On July 11, 2005, the Hubbells filed a third-party complaint against CBC, Ian Carney, Richard Carney, Draft-Tek, Lincicome, and T.J. Concrete Construction.  (Third-Party Compl.)  The Hubbells asserted the following claims: (1) negligence against CBC, Ian Carney, Richard Carney, Draft-Tek, and Lincicome; (2) negligent misrepresentation against CBC, Ian Carney, and Richard Carney; (3) breach of contract against CBC; (4) breach of contract against Draft-Tek; (5) alter ego/piercing the corporate veil against Ian and Richard Carney; and (6) unjust enrichment against CBC, Ian Carney, and Richard Carney.  (*Id.* ¶¶ 30–63.)

On September 23, 2005, Lincicome filed his answer to the third-party complaint.  (Thane R. Lincicome's Answer to Third-Party Compl. and Jury Demand [filed Sept. 23, 2005] [hereinafter "Third-Party Def. Lincicome's Answer"].)  Lincicome raised nineteen defenses in his answer.  (*Id.*)  Included in these defenses and relevant to this Order and Memorandum of Decision is Lincicome's eighteenth defenses which states: "Third-Party Plaintiffs and their counsel have failed to comply with the provisions of [Colorado Revised Statutes] § 13–20–602."  (*Id.* at 8.)  On September 26, 2005, Lincicome filed a motion to dismiss the third-party complaint.  (Thane R. Lincicome's Mot. to Dismiss Third-Party Compl. [filed Sept. 26, 2005] [hereinafter "Third-Party Def. Lincicome's Br."].)  Lincicome alleges that the third-party complaint must be dismissed as to him because the Hubbells did not comply with Colorado Revised Statutes § 13–20–602 and file a

certificate of review. (*Id.* at 1–2.) On October 18, 2005, the Hubbells filed a response to Lincicome's motion to dismiss. (Hubbells' Resp. to Lincicome's Mot. to Dismiss [filed Oct. 18, 2005] [hereinafter "Third-Party Pls.' Resp."].) On October 31, 2005, Lincicome filed a reply in support of his motion to dismiss. (Thane R. Lincicome's Reply Regarding Mot. to Dismiss Third-Party Compl. [filed Oct. 31, 2005] [hereinafter "Third-Party Def. Lincicome's Reply"].) This matter is fully briefed.

**ANALYSIS**

*1.  Standard of Review*

For the purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should only dismiss the claim "'when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff.'" *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 [10th Cir. 1997]). "'The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" *Id.* (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 [10th Cir. 1999]).

*2.  Lincicome's Motion to Dismiss*

As stated above, the third-party complaint includes a claim for professional negligence against Lincicome. (Third-Party Compl. ¶¶ 30–34.) Lincicome moves this court to dismiss the

-6-

third-party complaint for failure to comply with Colorado Revised Statutes § 13–20–602.[1] (Third-Party Def. Lincicome's Br. at 1.)  Colorado Revised Statutes § 13–20–602 states in relevant part:

> [i]n every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each . . . licensed professional named as a party, as specified in subsection (3) of this section, within sixty days after the service of the complaint, counterclaim, or cross claim against such person unless the court determines that a longer period is necessary for good cause shown. . . . (4) The failure to file a certificate of review in accordance with this section shall result in the dismissal of the complaint, counterclaim, or cross claim.

Colo. Rev. Stat. § 13–20–602(1)(a), (4).  Subsection 602(1) requires a plaintiff to file a certificate of review within sixty days of the service of the complaint for any claim based on allegations of professional negligence that require expert testimony to establish a prima facie case.  *Shelton v.*

---

[1] Lincicome filed his motion to dismiss after he filed his answer in this case.  Rule 12(b) states that "[a] motion making any of these defenses shall be made before pleading if a further pleading is permitted." Fed. R. Civ. P. 12(b).  Federal courts will generally make an exception to the aforementioned rule, and deem a Rule 12 motion timely if the defendant's motion to dismiss is based on grounds asserted as a defense in the answer.  *See Puckett v. United States*, 82 F. Supp. 2d 660, 663 (S.D. Tex. 1999) (allowing an untimely motion if the defense has been previously included in the answer); *Molnlycke Health Care AB v. Dumex Med. Surgical Prod. Ltd.*, 64 F. Supp. 2d 448, 449 (E.D. Pa. 1999) (same); *Stein v. Kent State Univ. Bd. of Tr.*, 994 F. Supp. 898, 902 (N.D. Ohio 1998), *aff'd* 181 F.3d 103 (6th Cir. 1999) (table) (same); *Quintanilla v. K-Bin, Inc.*, 993 F. Supp. 560, 562 (S.D. Tex. 1998) (same); *Gerkaris v. Champagne*, 913 F. Supp. 646, 650–51 (D. Mass. 1996) (same); *Resolution Trust Corp. v. Holland & Knight*, 832 F. Supp. 1528, 1529 n.2 (S.D. Fla. 1993) (same); *Stock 'In S.A. v. Swissco, Inc.*, 748 F. Supp. 23, 27 (D. D.C. 1990) (same); *Harris v. WGN Cont'l Broad. Co.*, 650 F. Supp. 568, 572 (N.D. Ill. 1986) (same).  As stated above, the eighteenth affirmative defense asserted in Lincicome's answer stated: "Third-Party Plaintiffs and their counsel have failed to comply with the provisions of [Colorado Revised Statutes] § 13–20–602." (Third-Party Def. Lincicome's Answer at 8.)  Thus, Lincicome's motion to dismiss is based on a ground asserted as a defense in his answer.  Given the posture of this case and the fact that the Hubbells do not raise this issue, I will treat Lincicome's transgression as immaterial and consider the motion.

*Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 626 (Colo. 1999).  "The purpose of a certificate of review is to demonstrate that the plaintiff has consulted a person who has expertise and that such person has concluded that the plaintiff's claim is meritorious."  *Id.*  A certificate of review shall be executed by the attorney for the plaintiff declaring that:

> (I) the attorney has consulted a person who has expertise in the area of the alleged negligent conduct; and
> (II) the professional who has been consulted pursuant to subparagraph (I) of this paragraph (a) has reviewed the known facts, including such records, documents, and other materials which the professional has found to be relevant to the allegations of negligence conduct, and based on the review of such facts, has concluded that the filing of the claim, counterclaim, or cross claim does not lack substantial justification within the meaning of section 13–17–102(4).

Colo. Rev. Stat. § 13–20–602(3)(a).

"In the event neither a certificate nor a motion to extend the filing period is filed within the sixty-day period" a defendant may "move, pursuant to subsection 602(4), to dismiss the case." *Martinez v. Badis*, 842 P.2d 245, 251 (Colo. 1992).  If the defendant files a motion to dismiss the case pursuant to 602(4), the plaintiff may demonstrate that good cause exists for failure to comply with the time requirements of subsection 602(1).  *Id.*

Here, the Hubbells acknowledge that: (1) they did not file a certificate of review, and (2) expert testimony is required in this case. (Third-Party Pls.' Resp. at 1–5.)  Rather, the Hubbells contend that this court should excuse their blunder because: (1) the allegations in the third-party complaint comply with the certificate of review statute; and (2) their expert reports detail Lincicome's professional errors.  (*Id.* at 2–4.)  Alternatively, the Hubbells seek leave to file a certificate of review.  I address the Hubbells' arguments in turn.

### a.     *Third-Party Complaint Does Not Satisfy the Statutory Requirement*

The Hubbells alleges that "the allegations in the third-party complaint comply with the certificate of review statute requirements." (Third-Party Pls.' Resp. at 2–3.) While the Hubbells admit they did not file a certificate of review, they contend that the third-party complaint complies with the requirements of a statutory certificate of review. (*Id.* at 2.) The Hubbells do not cite any legal support for this proposition. Indeed, the statute specifically provides that "[t]he failure to file a certificate of review in accordance with this section shall result in the dismissal of the complaint, counterclaim, or cross claim." Colo. Rev. Stat. § 13–20–602 (4). The filing of the complaint triggers the duty to file a certificate of review under the statute. *Id.* The Hubbells' argument to the contrary is nonsensical. If the General Assembly contemplated a complaint as an appropriate substitute for filing a certificate of review, then the statute would not allow a court to dismiss the complaint for failure to file a certificate sixty days after service of the complaint. *See Baumgarten v. Coppage*, 15 P.3d 304, 306 (Colo. App. 2000) ("Failure to file a certificate in cases where it is required results in the dismissal of plaintiff's complaint."); *see also Kelton v. Ramsey*, 961 P.2d 569, 570 (Colo. App. 1998) (same). Accordingly, the Hubbells' argument that their complaint is a substitute for the certificate of review is unavailing.

### b.     *Expert Reports Cannot Be a Substitute For a Certificate of Review*

The Hubbells allege that their counsel obtained "reports of both an architect and an engineer *prior to suit* which detail [Lincicome's] professional errors." (Third-Party Pls.' Resp. at 4 [emphasis added].) The Hubbells contend that "[t]hese reports were disclosed to Lincicome

and his counsel at that time and have, in fact, been disclosed in this litigation long before the statutory deadline to file a [c]ertificate of [r]eview." (*Id.*) The Hubbells' argument is unavailing.

First, disclosing expert reports prior to filing a lawsuit does not obviate the mandate of Colorado Revised Statutes § 13–20–602. The statute specifically contemplates filing a certificate of review "within sixty days *after* the service of the complaint." Colo. Rev. Stat. § 13–20–602(1)(a) (emphasis added). It is axiomatic that the Hubbells cannot discharge their statutory duty by filing an expert report before service of the complaint. *Id.* The Hubbells' argument to the contrary is nonsensical.

Additionally, the Colorado Supreme Court in *Shelton* noted that it is not proper "for [a] trial court to accept the expert reports . . . in place of a certificate of review." *Shelton*, 984 P.2d at 628. While the *Shelton* court upheld the verdict in that case, it did so because the plaintiff's failure to file a certificate did not impact the defendant in any way. *Id.* Specifically, the *Shelton* court, in evaluating the purpose behind the statute, determined that the expert reports filed after the initial complaint included all the information required in a certificate of review and contemplated by the statute. *Id.* Indeed, the *Shelton* court found that the expert reports at issue revealed: (1) the attorney consulted a person who had expertise in the area of the alleged negligent conduct; and (2) the professional who had been consulted determined that the claims did not lack substantial justification. *Id.* Importantly, the expert report in *Shelton* detailed the experts' conclusion that "in my professional opinion from the information . . . and documents I've

reviewed for this case, I can say that the nurse involved did not follow the standards of practice for this situation." *Shelton*, 984 P.2d at 628.

Here, the expert reports demonstrate that the Hubbells' counsel consulted with an engineer prior to initiating the lawsuit.  (*See* Third-Party Pls.' Resp., Ex. A [Reports of Keith Howie and Robert Pattillo].)  Despite this, the reports do not detail that Lincicome failed to adhere to the standard of care applicable to licensed professional engineers nor that the negligence claim against him is meritorious.  (*See id.*)  In fact, unlike the expert in *Shelton* who reviewed depositions, documents, and other papers after the plaintiff filed the initial complaint, the purported experts in this case issued their reports approximately one year before the Hubbells filed the third-party complaint in this case naming Lincicome as a Third-Party Defendant. (*Compare* Third-Party Compl., *with* Third-Party Pls.' Resp., Ex. A [Reports of Keith Howie and Robert Pattillo].)  Further, while these reports detail several deficiencies with the construction on the Property, the reports do not specifically attribute any of the alleged deficiencies to Lincicome. (*See* Third-Party Pls.' Resp., Ex. A [Reports of Keith Howie and Robert Pattillo].)  Moreover, Keith Howie's architectural report does not mention Lincicome by name.  (*Id.*)  Thus, this case is inapposite to *Shelton* and the expert reports in this case do not contain the information required by Colorado Revised Statutes § 13–20–602.  Accordingly, I cannot accept the expert reports in lieu of a certificate of review.

   ***c.***   ***Hubbells' Request For Leave to File Certificate of Review***

As a last effort to avoid dismissal of the suit against Lincicome, the Hubbells request leave to file a certificate of review. (Third-Party Pls.' Resp. at 5.) The court may accept a tardy filing for good cause shown. Colo. Rev. Stat. § 602(1)(a). The determination of whether "good cause" exists for the late filing of a certificate of review is committed to the sound discretion of the trial court. *Yadon v. Southward*, 64 P.3d 909, 913 (Colo. App. 2002) (citing *Hane By and Through Jabalera v. Tubman*, 899 P.2d 332, 334–35 [Colo. App. 1995]). In making this determination, the trial court should consider: (1) whether the neglect causing the late filing was excusable; (2) whether the moving party had alleged a meritorious defense or claim; and (3) whether permitting the late filing would be consistent with equitable considerations, including any prejudice to the nonmoving party. *Id.* "The trial court may deny the motion for failure to satisfy any one of the three criteria." *Id.* (citing *Buckmiller v. Safeway Stores, Inc.*, 727 P.2d 1112, 1116–17 [Colo. 1986]). I only need to address the first factor, excusable neglect.

Here, the Hubbells allege that the failure to file a certificate of review was based on "excusable neglect." (Third-Party Pls.' Resp. at 5.) Specifically, the Hubbells allege that:

> [a] separate '[c]ertificate of [r]eview' was not filed by the undersigned due to a clerical error . . . in internal docketing by someone that [sic] failed to appreciate the necessity of calendaring such not only after a complaint is filed claiming professional negligence, but also after a third-party complaint is allowed to be filed.

(*Id.*) "A party's conduct constitutes excusable neglect when the surrounding circumstances would cause a reasonably careful person similarly to neglect a duty." *Tyler v. Adams County Dep't of Soc. Servs.*, 697 P.2d 29, 32 (Colo. 1985). "Common carelessness and negligence do

not amount to excusable neglect." *Id.* Indeed, "'[e]xcusable neglect involves unforeseen circumstances'" which cause a reasonably prudent person to overlook a required act in performance of some responsibility. *In re Weisbard*, 25 P.3d 24, 26 (Colo. 2001) (quoting *Colorado Dep't of Public Health & Env't v. Caulk*, 969 P.2d 804, 809 [Colo. App. 1998]). Failure to meet a procedural deadline is not generally considered "excusable neglect." *Hane*, 899 P.2d at 335; *see also Farmers Ins. Group v. Dist. Court of Second Judicial Dist.*, 507 P.2d 865, 867–68 (Colo. 1973) (attorney's failure to file a motion to substitute deceased defendant's administratrix as party defendant within ninety days after receiving notification of death because notification had been placed in attorney's file and overlooked was not the result of "excusable neglect"); *McElvaney v. Batley*, 824 P.2d 73, 75 (Colo. App. 1991) (the defendant's failure to follow the Colorado Rules of Civil Procedure was the result of the attorney's carelessness and did not amount to excusable neglect); *Johnston v. S.W. Devanney & Co., Inc.*, 719 P.2d 734, 736–37 (Colo. App. 1986) ("The broker's failure to timely file an answer was due to its own carelessness and this does not constitute 'good cause shown' or 'excusable neglect.'").

Here, the Hubbells admit that the failure to file a certificate of review was a result of a clerical error in internal docketing. (Third-Party Pls.' Resp. at 5.) The Hubbells have not described a situation wherein counsel could not timely file a certificate of review due to some "unavoidable hindrance or occurrence." *See Weisbrand*, 25 P.3d at 26; *see also People v. Wiedemer*, 852 P.2d 424, 441 n.18 (Colo. 1993). Thus, the Hubbells have not demonstrated

"excusable neglect" or "good cause." Accordingly, I deny the Hubbells' request to file a very tardy certificate of review.

### *3. Conclusions*

Based on the foregoing it is therefore

ORDERED as follows:

1. Third-Party Defendant Lincicome's motion to dismiss (# 43) is GRANTED.

2. The final judgment entered at the conclusion of this case will include judgment in favor of Third-Party Defendant Lincicome and against Third-Party Plaintiffs, dismissing all claims against Third-Party Defendant Lincicome with prejudice. Third-Party Defendant Lincicome may have his costs by filing a bill of costs within eleven days of the date of this order.

3. The hearing scheduled for August 11, 2006, is VACATED.

Dated this 9th day of August, 2006.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge