IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–00026–EWN–PAC


ALPINE BANK, a Colorado banking corporation,

      Plaintiff,

v.

PLATT T. HUBBELL,
KELLEY S. HUBBELL, and
GEORGIA CHAMBERLAIN,
as Public Trustee of Garfield County, Colorado,

      Defendants and Third-Party Plaintiffs,

v.

CARNEY BROTHERS CONSTRUCTION,
a Colorado Corporation,
IAN CARNEY,
RICHARD CARNEY,
TEAMCORP, INC. d/b/a
DRAFT TEK, a Colorado corporation,
THANE R. LINCICOME,
T.J. CONCRETE CONSTRUCTION, INC.,
a Colorado corporation, and
KERRY M. KARNAN

      Third-Party Defendants.

---

**ORDER**

---

-1-

This is a breach of contract and deed foreclosure case.  The facts and procedural history of the case are discussed at length in my August 10, 2006 Order and Memorandum of Decision concerning Third-Party Defendant Thane R. Lincicome's motion to dismiss the third-party complaint.  (Order and Mem. of Decision [filed Aug. 10, 2006] [hereinafter "Order"].)  Familiarity therewith is thus assumed.  This matter comes before the court on Lincicome's "Motion for Court Review of Clerk's Determination on Lincicome's Bill of Costs," filed September 11, 2006.

## FACTS

On November 10, 2004, Plaintiff Alpine Bank filed a complaint in state court asserting claims for: (1) breach of the promissory note against Defendants Platt Hubbell and Kelley Hubbell ("the Hubbells"); (2) breach of the construction agreement against the Hubbells; and (3) default under the deed of trust against Defendant Georgia Chamberlain.  (Compl. for Foreclosure Pursuant to Rule 105, C.R.C.P. [sic] [filed Nov. 10, 2004].)  On January 6, 2005, the Hubbells removed the case to this court.  (Defs.' Notice of Removal [filed Jan. 6, 2005].)  On July 11, 2005, the Hubbells filed a third-party complaint against Carney Brothers Construction ("CBC"), Ian Carney, Richard Carney, Teamcorp, Inc. (doing business as Draft-Tek), Lincicome, and T.J. Concrete Construction, Inc.  (Third-Party Compl. [filed July 11, 2005].)  The Hubbells asserted the following claims: (1) negligence against CBC, Ian Carney, Richard Carney, Draft-Tek, and Lincicome; (2) negligent misrepresentation against CBC, Ian Carney, and Richard Carney; (3) breach of contract against CBC; (4) breach of contract against Draft-Tek; (5) alter ego/piercing

the corporate veil against Ian and Richard Carney; and (6) unjust enrichment against CBC, Ian Carney, and Richard Carney.  (*Id.* ¶¶ 30–63.)

On September 26, 2005, Lincicome filed a motion to dismiss the third-party complaint, in which he argued dismissal was appropriate as to him because the Hubbells failed to file a certificate of review as required by Colorado Revised Statutes section 13–20–602.  (Thane R. Lincicome's Mot. to Dismiss Third-Party Compl. [filed Sept. 26, 2005].)  On August 10, 2006, I granted Lincicome's motion to dismiss, citing the Hubbells' failure to comply with the statute.[1] (Order.)  In my Order, I expressly awarded Licicome his costs.  (*Id.* at 14.)

On August 19, 2006, Lincicome filed a proposed bill of costs.  (Bill of Costs [filed Aug. 19, 2006] [hereinafter "Proposed Bill"].)  On August 25, 2006, the Hubbells objected to Lincicome's proposed bill.  (Hubbells' Objs. to Lincicome Bill of Costs [filed Aug. 25, 2006].)  On September 1, 2006, Lincicome filed a motion to amend his proposed bill of costs, which I granted on September 5, 2006.  (Mot. for Leave to Am. Bill of Costs [filed Sept. 1, 2006] [hereinafter "Mot. to Am. Bill"]; Order [filed Sept. 5, 2006].)  Lincicome sought $37,648.55 in costs, comprising: (1) $4,501.05 in transcript fees; (2) $7,719.92 in exemplification and copy fees; and (3) $25,427.58 in other costs.  (Mot. to Am. Bill, Ex. B [Am. Proposed Bill].)  The $25,427.58 consisted of the following costs: (1) $65.25 in long distance; (2) $88.10 in postage;

---

[1]On March 30, 2006, the Hubbells filed an amended third-party complaint, adding Kerry Karnan as a Third-Party Defendant.  (Am. Third-Party Compl. [filed Mar. 30, 2006].)  On April 11, 2006, Lincicome filed a motion to dismiss the amended complaint, in which he made essentially the same arguments as in his first motion to dismiss.  (Lincicome's Mot. to Dismiss and/or for Partial Summ. J. Regarding Am. Third-Party Compl. [filed Apr. 11, 2006].)

(3) $86.00 in facsimiles; (4) $23.92 in scanning; (5) $2,203.44 in travel between Glenwood Springs and Denver for depositions; (6) $386.29 in Westlaw and legal research fees; (7) $26.13 in conference calls; (8) $101.39 in Federal Express shipping; (9) $11,378.96 in expert witness reports and depositions; (10) $11,066.10 in paralegal and legal clerk fees; and (11) $2.00 in miscellaneous supplies.  (*Id.*)

On September 6, 2006, the clerk of this court held a hearing and taxed costs in Lincicome's favor in the amount of $300.00.  (Bill of Costs [filed Sept. 6, 2006].)  Lincicome notes that the clerk considered and granted only those costs Lincicome incurred in connection with the September 26, 2005 motion to dismiss.  (Mot. for Court Review of Clerk's Determination on Lincicome's Bill of Costs at 4 [filed Sept. 11, 2006] [hereinafter "Lincicome's Br."].)  On September 11, 2006, Lincicome filed the motion presently before this court.[2]  (*Id.*) Lincicome argues that he is entitled to the costs he sought because he incurred said costs in

---

[2]On August 23, 2006, Lincicome filed a motion for attorney fees and costs.  (Third Party Def. Thane R. Lincicome's Mot. and Mem. Br. for Att'y's Fees and Costs [filed Aug. 23, 2006] [hereinafter "Att'y's Fees Br."].)  That motion remains pending.  In his motion presently before the court, Lincicome expressly "reasserts and incorporates by reference the arguments set forth" in the attorneys' fees motion.  (Lincicome's Br. at 2.)  It is not lost on this court that in the attorneys' fees motion, Lincicome argues that he is entitled to costs pursuant to Federal Rule of Civil Procedure 68.  (Att'y's Fees Br. at 2–3.)  Specifically, Lincicome asserts that he made a settlement offer of $10,001.00 and, given that I dismissed the claims against Lincicome, the Hubbells have failed to obtain a judgment more favorable than that amount.  (*Id.*)  Lincicome argues that pursuant to Federal Rule of Civil Procedure 68, he is entitled to all costs incurred after he made the offer.  (*Id.*)  I need not address this issue in full here, but note that Rule 68 has not been invoked in this case.  Here, Lincicome (the offeror) obtained judgment in his favor.  (Order.)  Rule 68 only applies when an *offeree* obtains judgment in an amount less than the settlement offer.  Fed. R. Civ. P. 68; *see Fry v. Bd. of County Comm'rs*, 7 F.3d 936, 943 (10th Cir. 1993) (holding "Rule 68 does not apply to judgments obtained by the offeror").

preparing for trial by filing both the first and second motions to dismiss and by "attending

depositions, reviewing copies of documents, and engaging experts" in order to satisfy the

deadlines this court set in the case at bar.  (*Id.* at 3.)  No response or reply briefs have been filed.

## ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) provides that "[e]xcept when express provision

therefor is made either in a statute of the United States or in these rules, costs other than

attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise

directs."  Fed. R. Civ. P. 54(d)(1).  Pursuant to Title 28 United States Code section 1920, a judge

or clerk of any court may tax as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript
> necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in
> the case;
> (5) Docket fees . . . ; [and]
> (6) Compensation of court appointed experts, compensation of interpreters, and
> salaries, fees, expenses, and costs of special interpretation services . . . .

28 U.S.C. § 1920 (2006).  The party seeking costs bears the burden of establishing "the amount

of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet

that burden."  *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248–49 (10th Cir. 2002).  Once the

clerk of court has made a decision regarding the taxation of costs, "'the party objecting to the

clerk's taxation has the burden of persuading the court that it was improper.'"  *BDT Prods. v.

Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) (quoting 10 CHARLES ALAN WRIGHT,

ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2679 [3d ed. 1998]).  Keeping in mind that Lincicome is both the party seeking costs and the party objecting to the clerk's taxation, I address Lincicome's arguments.

Lincicome very generally argues that he is entitled to award of all of the costs he sought, and seeks review of the clerk's taxation "because of the procedural history of the case." (Lincicome's Br. at 2.)  I am not convinced.  Rather than going through the costs in an orderly fashion in his motion, Lincicome desultorily flits through various specific costs and makes anemic attempts to establish his entitlement thereto.  In the interest of clarity, I will briefly address all of costs Lincicome seeks and any arguments he makes about the same.

First, as to the $4,501.05 in transcript fees, I note that such costs are indeed recoverable pursuant to section 1920.  28 U.S.C. § 1920(2) (2006).  But not all depositions costs are recoverable.  Costs may be taxed only as to those depositions "reasonably necessary to the litigation of the case."  *Furr v. AT&T Technologies, Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987) (citation and internal quotation marks omitted).  Such is to say, depositions "taken solely for discovery are not taxable as costs."  *Id.* (citation and internal quotation marks omitted).  I emphasize that Lincicome bears the burden "to establish the amount of compensable costs and expenses to which [he is] entitled" and thus "necessarily assume[s] the risks inherent in a failure to meet that burden."  *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1208 (10th Cir. 1986).  In the instant case, Lincicome falls woefully short of meeting his burden.  Indeed, Lincicome's only argument is that "several deposition transcripts were submitted as part of the motion practice in

this case prior to August 10, 2006." (Lincicome's Br. at 3.)  It is true that when deposition

testimony is introduced into evidence, costs thereof are taxable.  *Furr*, 824 F.2d at 1550.

However, here, Lincicome has done nothing in his present motion to specify which transcripts

were relied upon or what costs may be attributed to those transcripts.  Further, in his proposed

bill, Lincicome's counsel merely presented the court with an affidavit containing bald assertions

that the depositions for which Lincicome sought taxation of costs were reasonable and necessary

for the case.  (Proposed Bill, Ex. C [McConaughy Aff.].)  Then, to establish the amounts of the

sought costs, Lincicome presented: (1) a set of invoices totaling $4,187,80 — a different sum

than Lincicome sought; and (2) a bare list of providers and costs that bore no clear relation to the

$4,501.05 in costs sought.  (*Id.*, Ex. A at 1–2 [Verified Bill of Costs]; Mot. to Am. Bill, Ex. A

[invoices], Ex. B [Am. Proposed Bill].)  These miscalculations and bald assertions could not serve

then and cannot serve now to establish Lincicome's entitlement to deposition costs.  *See English*

*v. Colo. Dep't of Corrs.*, 248 F.3d 1002, 1013 (10th Cir. 2001) (finding spreadsheet containing

list of service providers, amounts paid, and a blanket assertion that the costs incurred were proper

to tax under section 1920 insufficient to establish right to costs).  Consequently, I find that

Lincicome is not entitled to taxation of the $4,501.05 in deposition costs he sought.

Similar failures and flaws preclude any award of the $7,719.92 in exemplification and copy

fees Lincicome sought.  Again, such costs are indeed taxable under the statute.  28 U.S.C. §

1920(4) (2006).  Again, the documentation before the court utterly fails to manifest a clear

itemization of the costs themselves or the actual necessity of the costs incurred.  The only basis

for necessity is Lincicome's counsel's affidavit and the only sources to prove the accuracy of the

costs themselves are: (1) a list prepared by Lincicome that leads to a different sum total; and (2) a

seventy-five page stack of bills through which this court has neither the duty nor the inclination to

comb in a needle-in-a-haystack hunt in order to substantiate Lincicome's itemization. (Proposed

Bill, Ex. A at 1–2 [Verified Bill of Costs], Ex. C [McConaughy Aff.].)  For the same reasons and

based upon the same precedent as the deposition costs described above, I find that Lincicome has

not established his entitlement to copy and exemplification costs totaling $7,719.92. *English*, 248

F.3d at 1013.  I find that the award of $300.00 in such costs taxed by clerk was proper.

Lincicome evidently admits that he necessarily incurred this amount in copy costs in connection

with his initial motion to dismiss. (Lincicome's Br. at 2.)  Lincicome has failed to meet his burden

to establish that he is entitled to more.

Finally, I address the $25,427.58 in "other costs." (Mot. to Am. Bill, Ex. B [Am. Bill of

Costs].)  Here, the interplay between section 1920 and Rule 54 is particularly relevant.  "[Section]

1920 defines the term 'costs' as used in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*,

482 U.S. 437, 441 (1987).  "Rule 54(d) is not 'a separate source of power to tax as costs

expenses not enumerated in [section] 1920.'" *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir.

1990) (quoting *Crawford Fitting*, 482 U.S. at 441).  Indeed, a court "has no discretion to award

items as costs that are not set out in section 1920." *Id.*  Here, the "other costs" Lincicome sought

included: (1) $65.25 in long distance; (2) $88.10 in postage; (3) $86.00 in facsimiles; (4) $23.92

in scanning; (5) $26.13 in conference calls; and (6) $101.39 in Federal Express shipping. (Mot. to

Am. Bill, Ex. B [Am. Proposed Bill].)  These costs are clearly not contemplated by section 1920. *See* 28 U.S.C. § 1920 (2006).  Consequently, I cannot award them here.  *See Thomas v. Treasury Mgmt. Ass'n*, 158 F.R.D. 364, 372 (D. Md. 1994) (denying postage, telecopier, overnight delivery, and other costs as inappropriate).  Such costs may be appropriately taxed as part of the attorneys' fees in this case, pursuant to Title 28 United States Code section 1988.  *Id.* (citing *Levka v. Chicago*, 107 F.R.D. 230 [N.D. Ill. 1985]).  Although Lincicome listed these expenses as costs rather than as part of his attorneys' fees, the "categorization of the items is not dispositive of their recoverability."  *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990).  Accordingly, the court will address this matter in dealing with Lincicome's pending motion for attorneys' fees.

Most of the remaining "other costs" share the same fate.  This is certainly true of the $11,066.10 in paralegal and legal clerk fees Lincicome sought.  *See Ramos v. Lamm*, 713 F.2d 546, 558–59 (10th Cir. 1983) (noting that costs for paralegal and law clerk time may be awarded as part of an attorney fee award under 28 U.S.C. § 1988).  The same holds true for the $2,203.44 in travel between Glenwood Springs and Denver for depositions.  *See Bee*, 910 F.2d at 690 (holding counsel's accommodation and travel expenses not recoverable as costs under section 1920 may be recovered as part of attorney fee award, so long as "such costs would normally be billed to a private client").  The $386.29 in Westlaw and legal research fees fare similarly.  *See Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995) (noting "that costs for computer legal research are not statutorily authorized" under section 1920); *Roberts v. Charter Nat'l Life Ins. Co.*, 112 F.R.D. 411, 413 (S.D. Fla. 1986) (noting that "computerized legal research fees" may be

taxed as a component of attorneys' fees rather than costs).  Thus, I will address these issues in analyzing Lincicome's motion for attorneys' fees, but I do not grant them here as costs.

Along similar lines, I find Lincicome's argument — one of the few specific arguments he makes in his motion — that his expert witness costs are taxable because to meet the expert disclosure deadline, he "had no choice but to retain an expert" and thereby incurred $11,378.96 in related expenses, comprising a $5,000.00 retainer and $6,378.96 for expert reports and testimony to be wholly unavailing.  (Lincicome's Br. at 3.)  While it is true that section 1920 allows taxation of costs for "witnesses" and "compensation of court appointed experts," the law in the Tenth Circuit is clear "that expert witness fees are not allowed under [section] 1920." *Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir. 1983) (citing *CleveRock Energy Corp. v. Trepel*, 609 F.2d 1358, 1363 [10th Cir. 1979]); *accord Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1179–80 (10th Cir. 2005).  However, reasonable expert witness fees are recoverable under section 1988, if a court concludes that the expert testimony was reasonably necessary.  *Ramos* 713 F.2d at 559.

The one cost with a significantly different fate is the $2.00 in miscellaneous supplies. (Mot. to Am. Bill, Ex. B [Am. Proposed Bill].)  Lincicome has given the court absolutely no grounds upon which to base an award of this amount.  Without so much as specification as to the nature of the cost or the reason it was incurred, I simply cannot analyze whether taxation is appropriate.  Accordingly, I find that Lincicome has failed to meet his burden to establish his entitlement to the $2.00 in miscellaneous supply costs and taxation thereof is not warranted.

Based on the foregoing it is therefore ORDERED as follows:

1.      Lincicome's motion for review of bill of costs (# 247) is DENIED.

2.      The clerk's taxation of $300.00 in costs in Lincicome's favor stands.


Dated this 3rd day of November, 2006.


                              BY THE COURT:


                              s/ Edward W. Nottingham
                              EDWARD W. NOTTINGHAM
                              United States District Judge