IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–00026–EWN–PAC

ALPINE BANK, a Colorado banking corporation,

      Plaintiff,

v.

PLATT T. HUBBELL,
KELLEY S. HUBBELL, and
GEORGIA CHAMBERLAIN,
as Public Trustee of Garfield County, Colorado,

      Defendants.

---

## ORDER AND MEMORANDUM OF DECISION
---

      This is a breach of contract and deed foreclosure case.  Plaintiff Alpine Bank alleges that

Defendants and Third-Party Plaintiffs Platt T. Hubbell, Kelley S. Hubbell ("the Hubbells"), and

Georgia Chamberlain breached the contract between them and encumbered certain real property.

Additionally, the Hubbells assert claims against several Third-Party Defendants, including a

professional malpractice claim against Thane R. Lincicome.  In an August 10, 2006 order, this

court granted Lincicome's motion to dismiss the Hubbells' third-party claims against him due to

the Hubbells' failure to file a timely certificate of review pursuant to Colorado Revised Statutes

section 13–20–602.  This matter is before the court on the Hubbells' "Objection to Magistrate's

Order Regarding Mot. to Consolidate," filed April 7, 2006.  Jurisdiction is premised upon

diversity, 28 U.S.C. § 1332 (2006).

## FACTUAL BACKGROUND

### 1.    Facts

The facts of this case are fully set out in my August 10, 2006 Order and Memorandum of

Decision.  (Order and Mem. of Decision at 2–4 [filed Aug. 10, 2006] [hereinafter "Order"].)

Familiarity therewith is assumed.

### 2.    Procedural History

On January 6, 2005, Plaintiff brought suit against the Hubbells and Georgia Chamberlain.

(Compl. [filed Jan. 6, 2005].)  On July 11, 2005, the Hubbells filed a third-party complaint

alleging professional malpractice by Lincicome.  (Third-Party Compl. [filed July 11, 2005].)  On

September 23, 2005, Lincicome filed an answer to the Third-Party Complaint.  ([Lincicome's]

Answer to Third-Party Compl. and Jury Demand [filed Sept. 23, 2005].)  Lincicome raised

nineteen defenses, including the Hubbells' failure to comply with section 13–20–602, which

required that they file a timely certificate of review.  (Id. at 8.)  On September 26, 2005,

Lincicome filed a motion to dismiss the Third-Party Complaint based on the Hubbells' failure to

comply with section 13–20–602.  ([Lincicome's] Mot. to Dismiss Third-Party Compl. [filed Sept.

25, 2005] [hereinafter "Lincicome's Mot. to Dismiss"].)  On February 9, 2006, while the motion

to dismiss was still pending, the Hubbells filed a separate, duplicative action against Lincicome.

Civil Action No. 06 CV 00228–REB–BNB.  On February 10, 2006, the Hubbells filed a motion to

consolidate *Civil Action No. 06 CV 00228–REB–BNB* with the instant case, because the actions involved common questions of law and fact.  (Mot. to Consolidate with Case Number 06 CV 00228–REB–BNB [filed Feb. 10, 2006] [hereinafter "Hubbells' Mot. to Consolidate"].)   On March 29, 2006, Magistrate Judge Patricia A. Coan denied the Hubbells' motion because: (1) the Hubbells have no right to maintain two separate, identical actions; and (2) Lincicome would be prejudiced by consolidation.  (*See* March 29, 2006 For The Record Recording at 11:16:48–11:23:40 [hereinafter "FTR"].)  On April 7, 2006, the Hubbells filed an objection to the magistrate's order arguing: (1) the motion to consolidate was denied based on the mistaken assumption that a dismissal of the Hubbells' claims against Lincicome would have to be with prejudice; and (2) the magistrate did not properly consider the impact of the statute of limitations on their claims against Lincicome when making her ruling.  (Obj. to Magistrate's Order Regarding Mot. to Consolidate [filed Apr. 7, 2006] [hereinafter "Hubbells' Br."].)  On April 12, 2006, Lincicome responded to the objection.  (Lincicome's Resp. to Obj. to Magistrate's Order Regarding Mot. to Consolidate [filed Apr. 12, 2006] [hereinafter "Lincicome's Resp."].)  The Hubbells did not reply in support of their objection.  On August 10, 2006, this court granted Lincicome's motion to dismiss the Hubbells' claims with prejudice.  (*See* Order and Mem. of Decision [filed Aug. 10, 2006].)  Concurrent with the instant order, this court reconsidered its August 10, 2006 order, and granted Lincicome's motion to dismiss *without* prejudice.  (*See* Order and Mem. of Decision regarding mot. for reconsideration [filed Jan. 25, 2007].)  This matter is fully briefed and ripe for review.

# ANALYSIS

## 1.    *Standard of Review*

The standard of review this court applies in considering a magistrate judge's determination depends upon the nature of the motion at issue.  District courts review magistrate judges' orders concerning non-dispositive motions under a "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A) (2006); Fed. R. Civ. P. 72(a) (2006).  Under the clearly erroneous standard of review, the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently.  *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).  Rather, the district court must affirm the decision of the magistrate judge unless "'on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed.'"  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U. S. Gypsum Co.*, 333 U.S. 364 [1948]).

For dispositive motions, district courts must make a "*de novo* determination of those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1)(C) (2006); Fed. R. Civ. P. 72(b) (2006).  "When conducting *de novo* review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous."  *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989).  Where specific factual findings are challenged, the district court must consider the actual testimony and not merely review the magistrate judge's report and recommendation.  *Gee v. Estes*, 829 F.2d 1005, 1009 (10th Cir. 1987).

In the instant case, it is clear that the Hubbells' motion to consolidate is nondispositive, because it does not have the potential to resolve a claim or defense of a party. *See* Fed. R. Civ. P. 72(b) (2006). The Hubbells make no argument to the contrary, and I decline to make any such argument on their behalf. Accordingly, I review the magistrate judge's decision under the clearly erroneous standard.

## 2.      *Evaluation of Claims*

Under Federal Rule of Civil Procedure 42(a), "there is broad discretion vested in the trial court to order consolidation of cases for trial where there is a common question of law or fact." *Gillette Motor Transp., Inc. v. N. Okla. Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950); *accord Borough of Olyphant v. PPL Corp.*, 153 F. App'x 80, 82 (3d Cir. 2005).

### a.      *The Basis for The Magistrate's Decision*

Section 13–20–602 requires a plaintiff to file a certificate of review within sixty days of the service of the complaint for any claim based on allegations of professional negligence that requires expert testimony to establish a prima facie case. Colo. Rev. Stat. § 13–20–602 (2006); *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 626 (Colo. 1999). "The purpose of a certificate of review is to demonstrate that the plaintiff has consulted a person who has expertise and that such person has concluded that the plaintiff's claim is meritorious." *Shelton*, 984 P.2d at 626. In the instant action, it is undisputed that the Hubbells: (1) were required to file a certificate of review; and (2) failed to do so. (Hubbells' Resp. to Lincicome's Mot. to Dismiss at 2 [filed Oct. 18, 2005].) Lincicome filed a motion to dismiss based upon this failure.

(Lincicome's Mot. to Dismiss.)  In the interim, the Hubbells filed a duplicative action against

Lincicome as well as a timely certificate of review, and then sought to consolidate the two

actions.  (*See* Hubbells' Mot. to Consolidate.)  In denying the motion to consolidate, the

magistrate found that the two identical actions contain common questions of law and fact,

militating in favor of consolidation.  (FTR at 11:16:48–11:23:40.)  Nevertheless, the magistrate

chose not to consolidate the cases in order to avoid permitting the Hubbells to make an end run

around their statutory duty to file a timely certificate of review.  (*Id.*)

The magistrate pointed to several cases supporting her decision, the most salient being

*Walton v. Eaton Corp.*, 563 F.2d 66 (3d Cir. 1977).  In *Walton*, the plaintiff filed a second,

duplicative lawsuit that, if consolidated with the first, would have had the effect of amending the

express waiver of a jury trial in the first complaint.  563 F.2d at 69–70.   The district court

consolidated the two actions, but refused to permit a jury trial.  *Id.* at 70.  The plaintiff appealed.

*Id.*  The Third Circuit noted, "At the outset, it is clear that [the plaintiff] had no right to maintain

two separate actions involving the subject matter at the same time in the same court and against

the same defendant."  *Id.*  Further, the court found that consolidation was unobjectionable,

because the district court ensured that consolidation did not allow the plaintiff to circumvent the

rules pertaining to the amendment of complaints and demand for trial by jury.  *Id.* at 71.

Consolidation of identical actions, explained the court, "will cause no harm provided that the

district court carefully insures that the plaintiff does not use the tactic of filing two substantially

identical complaints to expand the procedural rights he would have otherwise enjoyed." *Id.* at 71; *accord Koon v. Barmettler*, 301 P.2d 713, 717 (Colo. 1956).

> **b.** **The Magistrate's Decision Is Not Clearly Erroneous**

The Hubbells contend that the magistrate's decision was in error because she: (1) mistakenly assumed that a dismissal of the Hubbells' claims against Lincicome would have to be with prejudice; and (2) did not properly consider the statute of limitations and the necessity for the second action when making her ruling. (Hubbells' Br.) I address both arguments in turn.

The Hubbells argue that if their claims against Lincicome were dismissed, they would necessarily be dismissed without prejudice, because failure to file a certificate of review is a procedural rule. (Hubbells' Br. at 2; *see also* Hubbells' Mot. for Reconsideration of Ct. Order Dated Aug. 9, 2006, Dismissing Claims Against Lincicome at 4–7 [filed Sept. 14, 2006].) Accordingly, assert the Hubbells, consolidation would in no way expand their rights, even if Lincicome's motion to dismiss were granted. (Hubbells' Br. at 2.) Lincicome counters that the magistrate's decision was not based on an assumption regarding the nature of a possible dismissal of the Hubbells' claims. (Lincicome's Resp. at 2.)

I agree with Lincicome. Nowhere in the magistrate's oral opinion did she conclude that if Lincicome's motion to dismiss were granted, it would be granted with prejudice. (*See* FTR at 11:16:48–11:23:40.) Instead, she focused her decision on the improper expansion of the Hubbells' procedural rights in the event the motion to dismiss was granted. (*Id.*) Consolidation would have permitted the Hubbells to apply the certificate of review from their second action to

their first action, thus effectively extending the certificate of review deadline by five months

beyond that dictated by the statute. (*See* [Lincicome's] Resp. to Mot. to Consolidate at 4 [filed

Mar. 8, 2006].) Such an outcome would essentially invalidate any adverse ruling on Lincicome's

motion to dismiss, regardless of whether the motion was granted with or without prejudice. (*See*

Hubbells' Br. at 2.) Contrary to the Hubbells' contention, even a coveted dismissal without

prejudice would not permit the Hubbells to apply the certificate of review from their second

action to their first action. Instead, such a dismissal would simply leave the Hubbells open to

refile the same suit upon the same claim within the applicable limitations period. *Semtek Int'l,*

*Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001). Accordingly, I find no evidence

that the magistrate's determination was based upon a presumption that if the Hubbells' claims

against Lincicome were dismissed, it would be with prejudice.

Next, the Hubbells argue the magistrate failed to properly consider that their intentions in

filing the second suit was merely to preserve the Hubbells' substantive rights, not to circumvent

any procedural rule. (Hubbells' Br. at 2–3.) According to the Hubbells, the statute of limitations

for filing suit against Lincicome would arguably expire prior to the court making a decision on

Lincicome's motion to dismiss. (*Id.*) Thus, it was necessary for the Hubbells to file the second,

duplicative action. (*Id.*) Regardless of the perceived necessity of the Hubbells' filing of a second

suit to toll the statute of limitations, there is no requirement that the magistrate have considered

this "necessity." In fact, the balancing test proposed to the magistrate by the Hubbells included

no such consideration.  (*See* FTR at 10:49:30–10:50:00 [citing *Arnold v. E. Air Lines, Inc.*, 681

F.2d 186, 193 (4th Cir. 1982)].)  In *Arnold,* the Fourth Circuit held:

> The critical question for the district court . . . [is] whether the specific risk of
> prejudice and possible confusion was overborne by the risk of inconsistent
> adjudication of common factual and legal issues, the burden on parties, witnesses
> and available judicial resources posed by multiple lawsuits, the length of time
> required to conclude multiple suits as against a singe one, and the relative expense
> to all concerned of the single-trial, multiple-trial alternative.

681 F.2d at 193.  The magistrate applied *Arnold*, noting the balancing test reflects the

considerations laid out in Federal Rule of Civil Procedure 42(a).  (FTR at 11:16:48–11:23:40.)

While recognizing that judicial economy weighed in favor of consolidating the duplicative actions,

the magistrate found that possible prejudice to Lincicome by granting the motion was

determinative.  (*Id.*)  "[T]he whole point" of Lincicome's motion to dismiss was "to dismiss the

action against Lincicome for failure to file a certificate of review."  (*Id.*)   The magistrate reasoned

that granting the motion to consolidate would invalidate any adverse decision on the motion to

dismiss, thus prejudicing Lincicome.  (*Id.*)  This court finds the magistrate's application of the

*Arnold* test to be eminently reasonable, and the Hubbells fail to point to any caselaw suggesting

that the court must consider how consolidation might affect statute of limitations concerns.  (*See*

Hubbells' Br.)  In the instant case, the court notes that any passing of the statute of limitations

would be entirely the fault of the Hubbells, who failed to comply with Colorado's procedural

requirement of filing a timely certificate of review.   *Cf. Serlin v. Arthur Anderson & Co.*, 3 F.3d

221, 223–24 (7th Cir. 1993) (upholding dismissal of duplicative complaint despite the possibility

that the first complaint would be dismissed for untimely service and leave the plaintiff barred from

refiling by the statute of limitations; noting that such a result would be entirely the consequence of plaintiff's failure to follow the rules regarding service of a complaint).  Based on the foregoing, this court discerns no indication that the magistrate's denial of the Hubbells' motion to consolidate was clearly erroneous.

*2.*      *Conclusions*

Based on the foregoing it is therefore ORDERED that the HUBBELLS' objection to the magistrate's order (# 109) is OVERRULED.  The magistrate judge's order shall stand as the final order of this court.

Dated this 25th day of January, 2007.

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge