IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–00026–EWN–PAC

ALPINE BANK, a Colorado banking corporation,

    Plaintiff,

v.

PLATT T. HUBBELL,
KELLEY S. HUBBELL, and
GEORGIA CHAMBERLAIN,
as Public Trustee of Garfield County, Colorado,

    Defendants.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

    Third Party Defendant Thane R. Lincicome, who prevailed on his motion to dismiss the claims of Third-Party Plaintiffs' Platt T. Hubbell and Kelly S. Hubbell (collectively "the Hubbells"), now seeks costs and attorneys' fees from the Hubbells under Colorado Revised Statutes section 13–17–201. This matter is before the court on: (1) "Third Party Defendant Thane R. Lincicome's Motion and Memorandum Brief for Attorneys' Fees and Costs," filed August 23, 2006; and (2) "Hubbells' Motion to Strike Lincicome's Reply in Support of Motion for Fees and Costs; Alternative Motion for Leave to File Sur[reply]," filed August 30, 2006. Jurisdiction is premised upon diversity, 28 U.S.C. § 1332 (2006).

## 1.  *Factual Background*

The facts of this case are fully set out in my August 10, 2006 Order and Memorandum of Decision.  (Order and Mem. of Decision at 2–4 [filed Aug. 10, 2006] [hereinafter "Order"].)  Familiarity therewith is assumed.

## 2.  *Procedural History*

On January 6, 2005, Plaintiff Alpine Bank brought suit against the Hubbells and Georgia Chamberlain.  (Compl. [filed Jan. 6, 2005].)  On July 11, 2005, the Hubbells filed a third-party complaint against Lincicome alleging professional malpractice.  (Third-Party Compl. [filed July 11, 2005].)  On September 23, 2005, Lincicome filed an answer to the Third-Party Complaint.  ([Lincicome's] Answer to Third-Party Compl. and Jury Demand [filed Sept. 23, 2005].)  Lincicome raised nineteen defenses in his Answer, including Third-Party Plaintiffs' failure to comply with Colorado Revised Statutes section 13–20–602, which required that they file a certificate of review.  (*Id.* at 8.)  On September 26, 2005, Lincicome filed a motion to dismiss the Third-Party Complaint based on the Hubbells' failure to comply with section 13–20–602.  ([Lincicome's] Mot. to Dismiss Third-Party Compl. [filed Sept. 25, 2005].)  In an order dated August 10, 2006, this court granted Lincicome's motion.  (*See* Order.)  On August 23, 2006, Lincicome filed a motion for attorneys' fees and costs, arguing he is entitled to: (1) costs under this court's August 10, 2006 Order and Federal Rule of Civil Procedure ("FRCP") 68; and (2) fees under section 13–17–201.  (Third Party Defendant [Lincicome's] Mot. and Mem. Br. for Att'ys' Fees and Costs [filed Aug. 23, 2006] [hereinafter "Lincicome's Mot. for Fees"].)  On

August 25, 2006, the Hubbells filed a response to Lincicome's motion. (Hubbells' Resp. in Opp. to Lincicome's Mot. for Fees and Costs [filed Aug. 25, 2006] [hereinafter "Hubbells' Resp to Mot. for Fees"].) On August 27, 2006, Lincicome replied in support of his motion. (Reply in Supp. of Third Party Def. [Lincicome's] Mot. and Memo. Br. for Att'ys' Fees and Costs [filed Aug. 27, 2006] [hereinafter "Lincicome's Reply to Mot. for Fees"].) On August 30, 2006, the Hubbells filed a motion to strike Lincicome's Reply or file a surrpely, arguing the reply contained a multitude of new arguments to which the Hubbells had not been permitted the opportunity to respond. (Hubbells' Mot. to Strike Lincicome's Reply in Supp. of Mot. for Fees and Costs; Alternative Mot. for Lv. to File Sur[reply] [filed Aug. 30, 2006] [hereinafter "Hubbells' Mot. to Strike"].) On August 31, 2006, Lincicome filed a response to the Hubbells' motion. (Third-Party Def. Lincicome's Response to Third-Party Pl. Hubbells' Mot. to Strike Lincicome's Reply in Supp. of Mot. for Att'ys' Fees and Costs [filed Aug. 31, 2006] [hereinafter "Lincicome's Resp. to Mot. to Strike"].)

## ANALYSIS

### 1. *Legal Standard*

Section 13–17–201 provides in relevant part:

In all actions brought as a result of a death or an injury to a person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure ["CRCP"], such defendant shall have judgment for his reasonable attorney fees in defending the action.

Colo. Rev. Stat. § 13–17–201 (2006). In enacting section 13–17–201, the Colorado General Assembly sought to deter the initiation of frivolous tort litigation. *Employers Ins. of Wausau v. RREEF USA Fund–II (Colo.), Inc.*, 805 P.2d 1186, 1188 (Colo. Ct. App. 1991). To this end, the statute "requires that defendants be awarded their reasonable attorney fees whenever a tort action is dismissed prior to trial on the basis of a motion under [CRCP] 12(b)."[1] *Id.* In diversity cases, which necessarily proceed under the FRCP, the statute requires an attorneys' fee award in the case of dismissal pursuant to FRCP 12(b)(6), which is "substantively identical" to CRCP 12(b). *Zerr v. Johnson*, 905 F. Supp. 872, 875 (D. Colo. 1995), *aff'd* 120 F.3d 372 (10th Cir. 1997); *Brammer-Hoelter v. Twin Peak Charter Acad.*, 81 F. Supp. 2d 1090, 1102 (D. Colo. 2000).

## *2.  Evaluation of Claims*

### *a.  Motion to Strike*

The Hubbells argue Lincicome's reply in support of his Motion For Fees should be stricken, or—in the alternative—the Hubbells should be granted leave to file a surreply. (Hubbells' Mot. to Strike.) The Hubbells contend that Lincicome proffers eight entirely new arguments in his reply to which the Hubbells have had no opportunity to respond. (*Id.* at 3–4.)

When a party puts forth new arguments in a reply brief, a court may avoid error by either: (1) permitting the non-moving party to file a surreply or (2) choosing not to rely on the new arguments in determining the outcome of the motion. *Pippin v. Burlington Res. Oil & Gas Co.*,

---

[1] An exception to this rule applies in case of a voluntary dismissal, stipulation of dismissal, or confession of a defendant's motion to dismiss. *Zerr v. Johnson*, 905 F. Supp. 872, 875 (D. Colo. 1995).

440 F.3d 1186, 1192 (10th Cir. 2006) (citing *Beaird v. Seagate Tech.*, 145 F.3d 1159, 1164–65 [10th Cir. 1998]). To aid in the determination of whether Lincicome's reply arguments are truly new, I briefly review the parties' relevant submissions. In his Motion for Fees, Lincicome argues he is entitled to attorneys' fees pursuant to section 13–17–201, because this court dismissed the Hubbells' action against him pursuant to FRCP 12(b)(6), which is analogous to CRCP 12(b), entitling Lincicome to a fee award under section 13–17–201.[2] (Lincicome's Mot. for Fees at 2–3.) In their response, the Hubbells counter that under *Barton v. Law Offices of John W. McKendree*, 126 P.3d 313 (Colo. Ct. App. 2005), the Colorado Court of Appeals definitively determined that "dismissal under [section] 13–20-602 is not a dismissal under [CRCP] 12(b), and that [section] 13–70–201 has no application to a dismissal for failure to comply with the statutory certificate of review requirement." (Hubbells' Resp. to Mot. for Fees at 2–4.) In his reply, Lincicome argues *Barton* is inapplicable because, in the instant case, the court explicitly relied on FRCP 12(b)(6) as the basis for dismissal. (Lincicome's Reply at 3.) Regardless of the *Barton* decision, Lincicome argues he is entitled to fees because Hubbells' third-party complaint lacked "substantial justification," in violation of Colorado Revised Statutes § 13–20–602(3)(a)(II). (*Id.* at 3–4.) Lincicome goes on to assert that dismissal for failure to file a certificate of review is akin to dismissal under FRCP 12(b)(6) because, in both cases, the complaint lacks "formal sufficiency." (*Id.* at 4–6.) Even if section 13–17–201 does not apply, Lincicome argues the court

---

[2]Lincicome also argues he is entitled to costs. (Mot. for Fees at 2–3.) I fully addressed the costs due to Lincicome in my November 3, 2006 order and, therefore, do not consider the question here. (Order [filed Nov. 3, 2006].)

may still award reasonable attorneys' fees under the broad discretion granted the court pursuant to Colorado Revised Statutes section 13–17–102(1). (*Id.* at 6–7.)

In their Motion to Strike, the Hubbells contend that virtually every argument raised by Lincicome in his reply is new. (*See* Hubbells' Mot. to Strike at 3–4.) First, the Hubbells point to Lincicome's contention that because the third-party complaint lacked "substantial justification," attorneys' fees should be awarded under section 13–20–602. (*See* Hubbells' Mot. to Strike at 3; Lincicome's Reply to Mot. for Fees at 3–4.) Lincicome claims this citation was simply "in furtherance of his main argument" as set forth in his Motion for Fees. (Lincicome's Resp. to Mot. to Strike at 2–3.) It is plain, however, that Lincicome fails to raise any argument regarding a lack of "substantial justification" for the Third-Party Complaint in his Motion For Fees, and, in fact, does not even reference section 13–20–602(3)(a)(II). (*See* Lincicome's Mot. for Fees.) Thus, the argument is certainly "new."

Second, the Hubbells urge that Lincicome's argument that dismissal for failure to obtain a certificate of review is analogous to a FRCP 12(b)(6) dismissal is also a new argument. (*See* Hubbell's Mot. to Strike at 4; Licicome's Reply to Mot. for Fees at 4–6.) I find, however, that this argument is in direct rebuttal to arguments raised in the Hubbells' Response to the Motion for Fees.[3] (Hubbell's Resp. to Mot. for Fees at 2–5.) In their response, The Hubbells assert that their claims against Lincicome were dismissed pursuant to section 13–20–602 and that the Colorado Court of Appeals has held that such dismissals are wholly distinct from those under FRCP

---

[3]The Hubbells do not contest that rebuttal arguments are proper in a reply brief. (*See* Hubbell's Mot. to Strike at 5.)

12(b)(6). (*Id.*) In fact, the Hubbells explicitly argue that "the statutory basis for dismissal set forth in section 13–20–602 has nothing to do with the quality of the complaint and everything to do with what did or did not get filed after the complaint." (*Id.* at 5.) Thus, insofar as Lincicome argues that the statutory purpose behind the certificate of review is to establish the sufficiency of the complaint, thus revealing the similarity of the purpose behind both types of dismissals, I find the argument to be directly responsive to the Hubbells' brief and thus not "new." (*See id.*; Lincicome's Reply to Mot. for Fees at 4–6.)

Finally, the Hubbells contend that Lincicome's reliance in its reply on section 13–17–102(1) as an alternative basis for the court to award attorneys' fees is a new argument. (Hubbells' Mot to Strike at 4.) Lincicome counters that his reference to the statute "merely points out the obvious: that the [c]ourt can award fees in any case," and thus somehow renders the argument not "new." (Lincicome Resp. to Mot to Strike at 4.) I am, to say the least, unconvinced. Put simply, Lincicome failed to mention this statute as a basis for an award of fees in his original motion; thus, reference thereto in his reply plainly constitutes a "new" argument. (*See* Lincicome's Mot. for Fees.)

Lincicome offers no reason why he could not or should not have made the new arguments discussed above in his initial Motion for Fees. (*See* Lincicome's Resp. to Mot. to Strike.) A moving party should not be permitted to "sandbag" its adversary by raising "entirely new but foreseeable points relevant to [the motion] . . . in the reply." *Tetra Tech., Inc. v. Harter*, 823 F. Supp. 1116, 1120 (S.D.N.Y. 1993). "Were tactics of this type to be permitted, a sur[reply]

-7-

affidavit would be necessary from the adversary, followed by a further supplemental response by the moving party, and so on *ad infinitum*." *Id.* Accordingly, rather than granting the Hubbells leave to file a surreply, I choose not to consider Lincicome's new arguments. *See Beaird*, 145 F.3d at 1164–65 (stating "if a the district court grants summary judgment for the movant without relying on the new materials and arguments in the movant's reply brief, it does not abuse its discretion by precluding a surreply").

### b. *Motion for Fees*

Lincicome argues he is entitled to attorneys' fees pursuant to section 13–17–201, because this court dismissed the Hubbells' action against him pursuant to FRCP 12(b)(6). (Lincicome's Mot. for Fees at 2–3.) The Hubbells counter that although the court recited the standard of review for FRCP 12(b)(6), the body of the court's order makes clear that dismissal was premised upon section 13–20–602. (Hubbells' Resp. to Mot for Fees at 1–5.) Further, the Hubbells contend that *Barton* establishes that "dismissal under [section] 13–20–602 is not a dismissal under [FRCP] 12(b), and that section 13–70–201 has no application to a dismissal for failure to comply with the statutory certificate of review requirement." (*Id.* at 2–4 [citing *Barton*, 126 P.3d at 314–15].) I find the Hubbells' argument persuasive.

At the outset, I note that the Tenth Circuit treats issues regarding attorneys' fees as substantive, following state law in diversity actions. *See, e.g.*, *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000); *Brammer*, 81 F. Supp. 2d at 1102; *Zerr*, 905 F. Supp. at 875. The Colorado Court of Appeals, in a unanimous decision, has made manifest that dismissal

pursuant to section 13–20–602 is *not* dismissal under CRCP 12(b).  *Barton*, 126 P.3d 313, *cert denied* No. 05SC890, 2006 Colo. LEXIS 171 (Colo. Feb. 27, 2006).  Instead, "[s]ection 13–20–602 sets forth a special statutory ground for dismissal, separate from that of [CRCP] 12(b)."  *Id.* at 315.  Moreover, a court's grant of an attorneys' fee award pursuant to section 13–17–201 for a section 13–20–602 dismissal constitutes reversible error.  *Id.*

Linicome attempts to distinguish *Barton* by arguing that, in the instant case, the court treated the dismissal as a FRCP 12(b)(6) motion.  (Linicicome's Reply to Mot. for Fees at 3.)  It is true that in my August 10, 2006 Order dismissing the Hubbells' claims against Lincicome, I recited the standard of review for FRCP 12(b)(6), which requires the court to consider the well-pleaded allegations in the complaint as true in order to determine whether the plaintiff can prove any set of facts that would entitle him to relief.  (*See* Order at 6 [citing *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 [10th Cir. 2003].)  Nonetheless, in the body of the opinion, I did not cite to the complaint or make a single reference to its sufficiency; instead, I focused exclusively on the Hubbells' failure to comply with section 13–20–602.  (*See id.* at 6–14.)  Based on the foregoing, I find that despite my recitation of the standard of review for FRCP 12(b)(6), I in fact dismissed the Hubbells' claims against Lincicome pursuant to section 13–20–602.  (*See* Order.)  Accordingly, *Barton* is on point.

Lincicome offers one argument that conceivably counsels against this result: that the purpose of the certificate of review shows that dismissal under the statute is akin to dismissal under FRCP 12(b)(6).  Without delving into the minutia of Lincicome's statutory analysis, I find

that because (1) *Barton* has already established that Lincicome's statutory analysis is wrong, and (2) this court must follow state law in diversity actions for attorneys' fees, Lincicome's arguments must fail.[4]  *See Jones*, 203 F.3d at 757; *Brammer*, 81 F. Supp. 2d at 1102; *Zerr*, 905 F. Supp. at 875.

### *3. Conclusion*

Based on the foregoing it is therefore

ORDERED as follows:

1. The Hubbells' motion to strike (#238) is GRANTED in part.

2. Lincicome's motion for fees (#230) is DENIED.

Dated this 25th day of January, 2007.

BY THE COURT:

s/ Edward W. Nottingham
_____
EDWARD W. NOTTINGHAM
United States District Judge

---

[4] Although Lincicome does not broach the issue, I note that this court is not necessarily bound by the decisions of intermediate appellate courts in determining state law.  As the Supreme Court has explained in dicta, "If there be no decision [from the state's highest court] then federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State.  In this respect, it may be said to be, in effect sitting as a state court."  *Comm'r v. Estate of Bosch*, 387 U.S. 456, 465 (1967).  In the instant case, this court has no reason to find fault with the unanimous, well-reasoned opinion of the Colorado Court of Appeals in *Barton*, particularly considering that Lincicome has failed to identify a single Colorado decision in conflict with the decision.  (*See* Lincicome's Reply to Mot for Fees.)