IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–00026–EWN–PAC

ALPINE BANK, a Colorado banking corporation,

    Plaintiff,

v.

PLATT T. HUBBELL,
KELLEY S. HUBBELL, and
GEORGIA CHAMBERLAIN,
as Public Trustee of Garfield County, Colorado,

    Defendants.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

    This is a breach of contract and deed foreclosure case. Plaintiff Alpine Bank alleges that Defendants and Third-Party Plaintiffs Platt T. Hubbell, Kelley S. Hubbell ("the Hubbells") and Georgia Chamberlain breached the contract between them and encumbered certain real property. Additionally, the Hubbells assert claims against several Third-Party Defendants, including a professional malpractice claim against Thane R. Lincicome. In an August 10, 2006 order, this court granted Lincicome's motion to dismiss the Hubbells' third-party claims against him due to the Hubbells' failure to file a timely certificate of review under Colorado Revised Statutes section 13–20–602. This matter is before the court on the "Hubbells' Motion for Reconsideration of

1

Court Order Dated August 9, 2006,[1] Dismissing Claims Against Lincicome," filed September 14, 2006. Jurisdiction is premised upon diversity, 28 U.S.C. § 1332 (2006).

## *1.     Factual Background*

The facts of this case are fully set out in my August 10, 2006 Order and Memorandum of Decision. (Order and Mem. of Decision at 2–4 [filed Aug. 10, 2006] [hereinafter "Order"].) Familiarity therewith is assumed.

## *2.     Procedural History*

On January 6, 2005, Plaintiff brought suit against the Hubbells and Georgia Chamberlain. (Compl. [filed Jan. 6, 2005].) On July 11, 2005, the Hubbells filed a third-party complaint against Lincicome and others alleging professional malpractice by Lincicome. (Third-Party Compl. [filed July 11, 2005].) On September 23, 2005, Lincicome filed an answer to the Third-Party Complaint. ([Lincicome's] Answer to Third-Party Compl. and Jury Demand [filed Sept. 23, 2005].) Lincicome raised nineteen defenses in his Answer, including Third-Party Plaintiffs' failure to comply with section 13–20–602, which required that they file a certificate of review. (*Id.* at 8.) On September 26, 2005, Lincicome filed a motion to dismiss the Third-Party Complaint based on the Hubbells' failure to comply with section 13–20–602. ([Lincicome's] Mot. to Dismiss Third-Party Compl. [filed Sept. 25, 2005].) In my August 10, 2006 Order, I granted Lincicome's motion, dismissing the Hubbells' claims against Lincicome with prejudice. (*See* Order.) On September 14, 2006, the Hubbells filed a motion for reconsideration of the Order, wherein the Hubbells argue the court erred in: (1) dismissing their claims with prejudice; and (2) its "good

---

[1] Whereas the parties refer to my order by the date it was signed, August 9, 2006, I refer to the order by the date it was filed, August 10, 2006.

cause" analysis. (Hubbells' Mot. for Reconsid. of Ct. Order Dated Aug. 9, 2006, Dismissing Claims Against Lincicome [filed Sept. 14, 2006] [hereinafter "Hubbells' Br."].) On October 3, 2006, Lincicome responded to the motion. ([Lincicicome's] Resp. to Hubbells' Mot. for Reconsid. of Ct. Order Dated Aug. 9, 2006 [filed Oct. 3, 2006] [hereinafter "Lincicome's Resp."].) On October 10, 2006, the Hubbells replied in support of their motion. (Hubbells' Reply in Supp. of Mot. for Reconsid. of Ct. Order Dated Aug. 9, 2006, Dismissing Claims Against Lincicome [filed Oct. 10, 2006] [hereinafter "Hubbells' Reply"].) This matter is fully briefed and ripe for review.

## *ANALYSIS*

### *1. Standard of Review*

From the outset, I note that the Hubbells have not set forth a proper ground for the court to consider this motion for reconsideration. The Hubbells fail to cite to any of the Federal Rules of Civil Procedure in support or guidance for this motion. Nonetheless, so as not to protract this litigation any further, I endeavor to help the Hubbells ground their motion in the law. "'Although the Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration, these motions are [normally] accepted as the offspring of [Rule] 59(e), which provides that a motion to alter or amend judgment may be entered within ten days after the entry of the judgment.'" *Gregg v. Am. Quasar Petroleum Co.*, 840 F. Supp. 1394, 1401 (D. Colo. 1991) (quoting *Equal Employment Comm'n v. Foothills Title Guar. Co.*, No. 90–A–361, 1991 U.S. Dist. LEXIS 21613, at *9 [D. Colo. Apr. 12, 1991], *aff'd*, 956 F.2d 277 [10th Cir. 1992]). Consideration of the Hubbells' motion under Rule 59(e) is premature as no final judgment has

been entered in this case; moreover, the Hubbells filed their motion more than a month after the court's ruling.

A motion to reconsider may also be appropriate under Rule 60(b), which states that:

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . .; (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b) (2006). Here, because the Hubbells do not argue mistake, new evidence, fraud, or a void or satisfied judgment, the only conceivable basis for the Hubbells' motion is Rule 60(b)(6). (*See* Hubbells' Br.)

As the Federal Rules suggest, a motion to reconsider is granted only under limited circumstances. The Tenth Circuit has explained, "Grounds warranting a motion to reconsider include[:] (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). The Hubbells do not contend, nor does the record support, that there exists a change in the law or newly discovered evidence. (Hubbells' Reply at 1–2.) Instead, the Hubbells seek reconsideration based on clear error and the prevention of manifest injustice. (*Id.*) "Such problems rarely arise and the motion to reconsider should be equally rare." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

Finally, I note that a motion to reconsider does not offer a party the opportunity to re-litigate its case after the court has rendered a decision. *See Servants of the Paraclete*, 204 F.3d at 1012 ("It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."); *All W. Pet Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co.*, 847 F. Supp. 858, 860 (D. Kan. 1994) ("A motion to reconsider or to alter or amend may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court.").

### *2.    Evaluation of Claims*

In my August 10, 2006 Order, I dismissed the Hubbells' claims against Lincicome with prejudice. (Order at 14.) I did so without discussion of whether a dismissal with or without prejudice was appropriate given the basis for dismissal. (*Id.*) In the instant action, the Hubbells contend that: (1) because their claims against Lincicome were dismissed due to a procedural violation, the court erred in dismissing their claim with prejudice; and (2) this court's good cause analysis was flawed because it failed to determine whether counsel's conduct should bar litigants from a determination on the merits. (*See* Hubbells' Br.) I need only address the Hubbells' first argument.

#### *a.    Overview of Section 13–20–602*

The Hubbells' claims against Lincicome were dismissed pursuant to section 13–20–602, which requires a plaintiff to file a certificate of review within sixty days of the service of the complaint for any claim based on allegations of professional negligence that require expert testimony to establish a prima facie case. *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984

P.2d 623, 626 (Colo. 1999). A certificate of review shall be executed by the attorney for the plaintiff declaring that:

> (I) the attorney has consulted a person who has expertise in the area of the alleged negligent conduct; and
> (II) the professional who has been consulted pursuant to subparagraph (I) of this paragraph (a) has reviewed the known facts, including such records, documents, and other materials which the professional has found to be relevant to the allegations of negligent conduct, and based on the review of such facts, has concluded that the filing of the claim, counterclaim, or cross claim does not lack substantial justification within the meaning of section 13–17–102(4).

Colo. Rev. Stat. § 13–20–602(3)(a) (2006). "The purpose of a certificate of review is to demonstrate that the plaintiff has consulted a person who has expertise and that such person has concluded that the plaintiff's claim is meritorious." *Shelton*, 984 P.2d at 626. Section 13–20–602 does not specify whether dismissal pursuant to the statute is to be with or without prejudice.

### b. *Dismissal Was Based on Failure to Comply with a Procedural Rule*

The Hubbells persuasively argue, and Lincicome does not deny, that section 13–20–602 is a procedural requirement. Although it is true that the Tenth Circuit has identified the statute as substantive for *Erie* purposes, the court also noted that the statute established a "state-created *procedure*." *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1539–40 (10th Cir. 1996) (emphasis added). Moreover, that a rule is substantive for *Erie* purposes does not necessarily mean it is substantive for *all* purposes. As the Supreme Court has explained:

> Matters of "substance" and matters of "procedure" are much talked about in books as though they defined a great divide cutting across the whole domain of law. But, of course, "substance" and "procedure" are the same keywords to very different problems. Neither "substance" nor "procedure" represents the same invariants. Each implies different variables depending upon the particular problem for which it is used.

*Guaranty Trust Co. v. York*, 326 U.S. 99, 108 (1945).

As the Hubbells' point out, dismissal pursuant to section 13–20–602 is not akin to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Hubbells' Br. at 5–6 [citing *Barton v. Law Offices of John W. McKendree*, 126 P.3d 313, 314–15 (Colo. Ct. App. 2005), *cert. denied*, No. 05SC890, 2006 Colo. LEXIS 171 (Colo. Feb. 27, 2006)].) Instead, the Colorado Supreme Court has described dismissal pursuant to section 13–20–602 as a "sanction" for failure to comply with the statute's "interrelated series of procedural mechanisms [that] encourage efficient determination of disputes." *Martinez v. Badis*, 842 P.2d 245, 250 (Colo. 1992). Similarly, a Colorado federal district court has explained that dismissal pursuant to section 13–20–602 is based on "the [p]laintiff's technical failure to file a certificate of review, not based on any legal judgment about the viability of the . . . claims against him." *Blackwood v. Thomas*, 855 F. Supp. 1205, 1207 (D. Colo. 1994). Accordingly, I find the Hubbells' claims against Lincicome were dismissed as a result of their failure to adhere to a procedural rule. Lincicome offers no arguments that counsel against this conclusion.[2] (*See* Lincicome's Resp. at 4–5.)

### c.   *Dismissal with Prejudice Was Improper in This Case*

The Hubbells argue that this court committed clear error by dismissing their claims with prejudice, because dismissal on procedural grounds should be without prejudice except in extreme circumstances non-existent in the case at bar. (*See* Hubbells' Br. at 2–4.) Lincicome counters that: (1) there are Colorado cases finding dismissal with prejudice an appropriate remedy for

---

[2]In fact, in a hearing with Magistrate Judge Patricia A. Coan, Lincicome's counsel stated, "I think there is no question that a deadline to file a certificate of review within sixty days is a procedural requirement." (*See* March 29, 2006 For The Record Recording at 11:03:57–11:04:05.)

failure to comply with the certificate of review requirement; and (2) granting the Hubbells' motion would allow them to go forward with a duplicative lawsuit, which is disfavored in federal court. (*See* Lincicome's Resp. at 4–5.)

As the Hubbells point out, and Lincicome does not deny, in both the Tenth Circuit and Colorado courts, dismissal with prejudice for procedural violations is a drastic sanction justified only in extreme circumstances. *See, e.g.*, *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quoting *Meade v. Grubbs*, 841 F.2d 1394, 1396 [10th Cir. 1988]) (dismissal with prejudice on procedural grounds "'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice'"); *Hane by Jabalera v. Tubman*, 899 P.2d 332, 335 (Colo. Ct. App. 1995) (citing *Craig v. Rider*, 651 P.2d 397, 402 [Colo. 1982]) (endorsing that "[r]esolution of disputes on their merits is favored" over resolution by default judgment). Courts should only dismiss a claim with prejudice due to a procedural error if the violation: (1) was caused through willful misconduct or gross negligence; or (2) caused substantial prejudice. *See, e.g.*, *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (finding dismissal for violation of a particular procedural rule "represents an extreme sanction appropriate only in cases of willful misconduct"); *Mobley v. McCormick*, 160 F.R.D. 599, 601 (D. Colo. 1995) (same); *Nagy v. D. Ct.*, 762 P.2d 158, 161–62 (Colo. 1988) (trial court abused discretion by ordering litigation-ending sanction for failure to file a timely trial data considering the absence of "any prejudice to the parties or any willfulness, bad faith, or gross negligence that would justify the imposition of the drastic sanction of dismissal"). Ultimately, in deciding whether to dismiss a claim with prejudice as a sanction for procedural error:

> a district court must consider: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. 'Only when these aggravating factors outweigh[] the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction.

*Reed*, 312 F.3d at 1195 (quoting *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 [10th Cir. 1998]).

In the instant case, the Hubbells claim their failure to file a certificate of review was the result of a clerical error. (*See* Order at 13.) No party has given the court reason to doubt this explanation. Lincicome does not argue the Hubbells' failure to file a timely certificate of review constitutes an extreme circumstance of willful misconduct, gross negligence, or significant prejudice. (*See* Lincicome's Resp. at 4–5.) Instead, Lincicome points to two Colorado cases finding dismissal with prejudice an appropriate remedy for failure to comply with section 13–20–602. (*See id.*) Both cases are readily distinguishable from the instant action. First, in *Espander v. Cramer, M.C., P.C.*, the trial court, upon failure of the plaintiff to timely file a certificate of review, granted a sixty day extension to obtain the certificate and advised plaintiff that failure to file it within that time would result in dismissal of the claim with prejudice. 903 P.2d 1171, 1172 (Colo. Ct. App. 1995). When plaintiff failed to file the certificate within the sixty day extension, the trial court dismissed the claim with prejudice. *Id.* Lincicome does not argue, and the record does not support, that the Hubbells' failure to comply with the statute was the result of the kind of gross negligence existent in *Espander*. Second, in *Karara v. Czopek*, the Tenth Circuit upheld a dismissal with prejudice because the plaintiff's certificate of review was forged. No. 95–1361, 1996 U.S. App. LEXIS 13648, at *4 (10th Cir. June 6, 1996). The court found that even if plaintiff's counsel was unaware of the forgery, counsel shirked its duty to make

9

reasonable inquiries. *Id.* Accordingly, the court imposed a sanction pursuant to Federal Rule of Civil Procedure 11(b)(3) and dismissed the case with prejudice. *Id.* Again, Lincicome does not argue that the Hubbells engaged in such sanctionable conduct. Instead, the record suggests that the Hubbells' failure to comply with section 13–20–602 was, at most, the result of simple negligence, and Lincicome fails to cite a single case in which such conduct has resulted in a dismissal with prejudice. I find that counsel's omission in the instant case is simply not the kind of extreme circumstance that warrants the sanction of dismissal with prejudice for a procedural violation and that the granting of such a dismissal was in plain error.

The only additional argument Lincicome makes counseling against this result is that granting the Hubbells' motion to reconsider would allow them to pursue a duplicative lawsuit, which is disfavored in federal court. (Lincicome's Resp. at 5.) On February 9, 2006, in order to preserve their cause of action in light of the pending motion to dismiss and to prevent the running of the statute of limitations, the Hubbells filed a separate, duplicative action against Lincicome. *See Civil Action No. 06 CV 00228–REB–BNB*. Lincicome argues this court should deny the instant motion to avoid "encourag[ing] the tactic of filing a duplicative lawsuit whenever a dispositve motion is pending at the time that the statute of limitations is about to run." (Lincicome's Resp. at 5.) Although both parties recognize that the filing of duplicative lawsuits is a disfavored practice within the federal courts, Lincicome has not identified a single case in which a court overlooked clear error to discourage the practice. (*See* Lincicome's Resp at 4–5.) I decline to do so now. Based on the foregoing, I have reconsidered my August 10, 2006 order and now grant Lincicome's motion to dismiss the Hubbells' claims *without prejudice.*

*2.     Conclusions*

Based on the foregoing it is therefore ORDERED that the HUBBELLS' motion for reconsideration (# 248) is GRANTED in part. The claim by the Hubbells against Lincicome is hereby dismissed WITHOUT PREJUDICE.

Dated this 25th day of January, 2007.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge