IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 05–cv–00026–EWN–PAC


ALPINE BANK, a Colorado banking corporation,

      Plaintiff,

v.

PLATT T. HUBBELL,
KELLEY S. HUBBELL, and
GEORGIA CHAMBERLAIN,
as Public Trustee of Garfield County, Colorado,

      Defendants and Third-Party Plaintiffs,

v.

CARNEY BROTHERS CONSTRUCTION,
a Colorado Corporation,
IAN CARNEY,
RICHARD CARNEY,
TEAMCORP, INC. d/b/a
DRAFT TEK, a Colorado corporation,
THANE R. LINCICOME,
T.J. CONCRETE CONSTRUCTION, INC.,
a Colorado corporation, and
KERRY M. KARNAN

      Third-Party Defendants.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

This is a breach of contract and deed foreclosure case.  This matter is before the court on:

(1) "Hubbell's Motion for Relief from Judgment for Clerical Error and to Reconsider," filed April

20, 2007; and (2) "Unopposed Motion for F.R.C.P. [sic] Rule 54(b) Certification," filed May 14,

2007.  Jurisdiction is premised upon diversity, 28 U.S.C.S. § 1332 (LexisNexis 2007).

## FACTUAL BACKGROUND

### 1.   *Facts*

The facts of this case are fully set forth in my August 10, 2006, and March 2, 2007,

orders.  (Order and Mem. of Decision at 2–4 [filed Aug. 10, 2006] [hereinafter "8/10/06 Order"];

Order and Mem. of Decision at 2–10 [filed Mar. 2, 2007] [hereinafter "3/2/07 Order"].)

Familiarity therewith is assumed.

### 2.   *Procedural History*

I review only the procedural history relevant to the instant motions.  On November 10,

2004, Plaintiff Alpine Bank filed a complaint against Defendants Platt T. Hubbell, Kelley S.

Hubbell (the "Hubbells"), and Georgia Chamberlain in the District Court of Garfield County,

Colorado, alleging default by the Hubbells on a construction loan to build a single family home in

Carbondale, Colorado.  (Compl. for Foreclosure Pursuant to R. 105 [Colo. R. Civ. P.] [filed Nov.

10, 2004].)  On January 6, 2005, the Hubbells removed the case to this court.  (Defs.' Notice of

Removal [filed Jan. 6, 2005].)  On January 21, 2005, Defendants filed an Answer and

Counterclaim alleging: (1) negligent misrepresentation; (2) breach of contract; (3) fraudulent

nondisclosure; and (4) violation of the Colorado Consumer Protection Act.  (Hubbells' Answer

and Countercl. [filed Jan. 21, 2005].)  On July 11, 2005, the Hubbells filed a third-party complaint against Carney Brothers Construction ("CBC"), Ian Carney, Richard Carney, DraftTek, Thane R. Lincicome, and T.J. Concrete Construction (collectively "Third-Party Defendants") alleging that, in various ways, they breached their duty of care in designing and partially constructing a residence for the Hubbells.  (Third-Party Compl. [filed July 1, 2005].)  On August 10, 2006, this court granted Third-Party Defendant Lincicome's motion to dismiss the Hubbells' claims against him.  (8/10/06 Order.)  On March 2, 2007, this court granted summary judgment in favor of Plaintiff against the Hubbells.  (3/2/07 Order.)  On March 29, 2007, the court filed a document entitled "Final Judgment," which noted that the Hubbells' claims against Third-Party Defendant Lincicome and Plaintiff had been dismissed.  (Final J. [filed Mar. 29, 2007] [hereinafter "Final J."].)  On April 18, 2007, the Hubbells filed a motion to consolidate with a related case before Judge Robert Blackburn.  (Mot. to Consolidate with Case No. 06 cv 228–REB–BNB for Purposes of Trial by Judge Blackburn [filed Apr. 18, 2007] [hereinafter "Mot. to Consolidate"].)  On April 19, 2007, this court denied the Hubbells' motion because: (1) a necessary predicate for a motion to consolidate is that the cases in the proposed consolidation be pending before the court; and (2) the predicate was not satisfied because final judgment was entered on March 29, 2007. (Order [filed Apr. 19, 2007].)  On April 20, 2007, the Hubbells filed a motion for relief from judgment and reconsideration, arguing that because final judgment has not been entered on the Hubbells' claims against the remaining Third-Party Defendants, the court's denial of their motion to consolidate was improvident.  (Hubbells' Mot. for Relief from J. for Clerical Error and to

-3-

Reconsider [filed Apr. 20, 2007] [hereinafter "Hubbells' Mot. for Relief"].)  On May 14, 2007,

Plaintiff filed a response to the motion.  (Resp. to Defs./Third-Party Pls.' Mot. for Relief from J.

for Clerical Error and to Reconsider [filed May 14, 2007] [hereinafter "Pl.'s Resp. to Mot. for

Relief"].)  Third-Party Defendants did not file a response.  Also on May 14, 2007, Plaintiff filed

an unopposed motion for Federal Rule of Civil Procedure 54(b) Certification.  (Unopposed Mot.

for F.R.C.P. [sic] 54[b] Certification [filed May 14, 2007] [hereinafter "54(b) Mot."].)

### *ANALYSIS*

### *1.      Rule 54(b) Certification*

I grant Plaintiff's unopposed motion for Rule 54(b) certification.  (54[b] Mot.)  Federal

Rule of Civil Procedure 54(b) permits a district court to enter a final and appealable judgment on

fewer than all claims and pertaining to fewer than all parties.  Fed. R. Civ. P. 54(b) (2007).  To

certify a judgment as final, the court must: (1) determine that the decision is final for those parties

and claims; (2) certify that there is no reason for just delay; and (3) direct an entry of judgment.

*Id.*  The Tenth Circuit has held that Rule 54(b) certification is required for every judgment

disposing of fewer than all claims in a consolidated case.  *Trinity Broad. Corp. v. Eller*, 827 F.2d

673, 675 (10th Cir. 1987).

In the instant case, I find this court has made a final determination on the merits as to all

claims involving Plaintiff, and there is no just reason for delay in entering final judgment in its

favor.  (*See* 3/2/07 Order.)  The Hubbells do not deny that their remaining claims against Third-

Party Defendants are unrelated to those against Plaintiff, are subject to conflicting expert reports,

and will likely require a trial at a future date to adjudicate the merits. (54[b] Mot. at 3.) Based on

the foregoing, I find there is no just reason for delay and direct the entry of final judgment in favor

of Plaintiff be given full effect. (*See* Final J.)

## 2.    *Reconsideration of Consolidation Order*

Motions to reconsider, when filed within ten days after entry of judgment, are proper

pursuant to Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 59(e) (2007). A motion to

reconsider is granted only under limited circumstances. As the Tenth Circuit has explained,

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling

law, (2) new evidence previously unavailable, and (3) the need to correct clear error or [(4)]

prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.

2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 [10th Cir. 1995]).

In the case *sub judice*, I find reconsideration is warranted to correct clear error. I agree

with both Plaintiff and the Hubbells that this court's March 29, 2007, document entitled "Final

Judgment" was final only as to those claims and parties addressed in the document — namely, the

Hubbells' claims against Third-Party Defendant Lincicome and Plaintiff, as well as Plaintiff's

claims against the Hubbells. (Final J.; Hubbells' Mot. for Relief at 3; Pl.'s Resp. to Mot. for

Relief at 2.) This court has not yet addressed or dismissed any claims against Third-Party

Defendants CBC, Ian Carney, Richard Carney, Teamcorp, Inc. D/B/A/ Draft Tek, or T.J.

Concrete Construction, Inc., and entry of final judgment did not address these claims. (*See* Final

J.; Hubbells' Mot. for Relief at 3; Pl.'s Resp. to Mot. for Relief at 2.) Thus, this action, as it

relates to the Hubbells' claims against these Third-Party Defendants, is still pending before the court. Denial of the Hubbells' motion to consolidate because their case was no longer pending before the court was, therefore, in clear error. (*See* 4/19/07 Order.) I hold the deadlines for briefs responsive to the motion to consolidate shall be tolled from April 19, 2007, the date of the order denying the motion, through the date of the instant order.

**3.     *Conclusions***

Based on the foregoing, it is therefore ORDERED that:

1.      Plaintiff's unopposed motion for Rule 54(b) certification (#317) is GRANTED.

2.      Hubbells' motion for reconsideration (#304) is GRANTED.

Dated this 25th day of October, 2007.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge