IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 05–cv–00026–EWN–KLM

ALPINE BANK, a Colorado banking corporation,

    Plaintiff,

v.

PLATT T. HUBBELL,
KELLEY S. HUBBELL, and
GEORGIA CHAMBERLAIN,
as Public Trustee of Garfield County, Colorado,

    Defendants and Third-Party Plaintiffs,

v.

CARNEY BROTHERS CONSTRUCTION,
a Colorado Corporation,
IAN CARNEY,
RICHARD CARNEY,
TEAMCORP, INC. d/b/a
DRAFT TEK, a Colorado corporation,
THANE R. LINCICOME,
T.J. CONCRETE CONSTRUCTION, INC.,
a Colorado corporation, and
KERRY M. KARNAN

    Third-Party Defendants.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

This is a breach of contract and deed foreclosure case. This matter is before the court on: (1) "Teamcorp's Motion to Remand," filed January 11, 2008; and (2) "Third Party Defendants Carney Brothers Construction, Inc., Ian Carney and Richard Carney's Motion to Remand," filed January 11, 2008. Jurisdiction is purportedly premised upon diversity, 28 U.S.C. § 1332.

**FACTS**

*1. Factual Background Procedural History*

The court will review only the factual and procedural history relevant to the instant motions. On November 10, 2004, Plaintiff Alpine Bank filed a complaint against Defendants Platt T. Hubbell, Kelley S. Hubbell[1] (the "Hubbells"), and Georgia Chamberlain in the District Court of Garfield County, Colorado, alleging default by the Hubbells on a construction loan to build a single family home in Carbondale, Colorado. (Compl. for Foreclosure Pursuant to R. 105 [Colo. R. Civ. P.] [filed Nov. 10, 2004] [hereinafter "Compl."].)

On January 6, 2005, the Hubbells removed the case to this court representing to the court that they were citizens of Texas. (Defs.' Notice of Removal [filed Jan. 6, 2005].) In their statement of grounds for removal the Hubbells asserted "[b]ecause Plaintiff is a [sic] alleged to be a Colorado banking corporation with its principal place of business in Glenwood Springs, Colorado and Defendants are natural persons who are citizens and residents of the State of Texas, County of Parker, diversity of citizenship original jurisdiction exists pursuant to 28 U.S.C. § 1332 (a)(1) and or (2)." (*Id*. at 1.)

---

[1] Ms. Hubbell is now divorced and uses the name Kelly Hogan, but to keep consistency in the record the court will continue referring to her as Ms. Hubbell.

On July 11, 2005, the Hubbells filed a third-party complaint against Carney Brothers Construction, Ian Carney, Richard Carney, DraftTek, Thane R. Lincicome, and T.J. Concrete Construction (hereinafter "Third-Party-Defendants") alleging that, in various ways, these Third-Party-Defendants breached their duty of care in designing and partially constructing a residence for the Hubbells. (Third-Party Compl. [filed July 1, 2005] [again, the Hubbells represented to the court that they were citizens of Texas].) On August 10, 2006, this court granted Third-Party-Defendant Lincicome's motion to dismiss the Hubbells' claims against him. (Order and Mem. of Decision at [filed Aug. 10, 2006].) On March 2, 2007, this court granted summary judgment in favor of Plaintiff against the Hubbells. (Order and Mem. of Decision [filed Mar. 2, 2007].) On March 29, 2007, the court filed a document entitled "Final Judgment," which noted that the Hubbells' claims against Third-Party-Defendant Lincicome and Plaintiff had been dismissed. (Final J. [filed Mar. 29, 2007] [hereinafter "Final J."].)

On January 11, 2008, Third-Party-Defendants, Teamcorp and Kerry Karnan, and Ian and Richard Carney (hereinafter collectively "Defendants") filed their respective motions to remand the case to state court for lack of subject matter jurisdiction, arguing that there was no complete diversity because the Hubbells were citizens of Colorado during the relevant time. (Teamcorp's Mot. to Remand [filed Jan. 11, 2008] [hereinafter "Teamcorp's Br."]; Third Party Defs. Carney Brothers Construction, Inc., Ian Carney and Richard Carney's Mot. to Remand [filed Jan. 11, 2008] [hereinafter "Carneys' Br."].)

On February 4, 2008, Plaintiff responded, arguing that the Hubbells, as they represented, were in fact citizens of Texas during the relevant time, but failed to support this claim with proper evidence. (Alpine Bank's Combined Resp. to Third-Party-Defs.' Mot. to Remand [filed Feb. 4, 2008] [hereinafter "Pl.'s Resp."].) On February 11, 2008, the Hubbells filed their response stating that their representations to the court "were based on their good faith belief under the 'totality of evidence' that they were citizens of Texas in November 2004, when Alpine Bank filed its state court Complaint." (Hubbells' Combined Resp. to Third-Party-Defs.' Mot. to Remand [filed Feb. 11, 2008] [hereinafter "Hubbells' Resp."].) On February 22, 2008, Teamcorp and Kerry Karnan replied, challenging the reliability of the evidence Plaintiff had offered to prove the Hubbells' citizenship. (Teamcorp's Reply to Alpine Bank's Resp. to Mot. to Remand [filed Feb. 22, 2008] [hereinafter "Defs.' Reply"].)

On June 18, 2008, the court ordered: "within ten days, the parties are to file, if possible, a stipulated method of proceeding, where Alpine Bank can get the information it needs from the Hubbells." (Courtroom Minutes.) On July 2, 2008, the parties filed a stipulated motion for proceeding with discovery pursuant to the court's June 18, 2008 order. (Stipulated Mot. for Proceeding with Discovery on Facts Relevant to the Mot. to Remand [filed July 2, 2008].) After completing the discovery, the parties filed their briefs in opposition and support of Defendants' motions to remand, on August 11, 2008. (Supplement to Alpine Bank's Combined Resp. to Third-Party-Defendants' Mot. to Remand [filed Aug. 11, 2008] [hereinafter "Pl.'s Sur-reply"];

Teamcorp's Supplemental Br. in Supp. of Mot. to Remand [filed Aug. 11, 2008] [hereinafter "Defs.' Supplemental Br."].)

*ANALYSIS*

1. *Legal Standard for Subject Matter Jurisdiction*

"[A]ll challenges to subject-matter jurisdiction premised upon diversity of citizenship are to be measured against the state of facts that existed at the time of filing. Put otherwise, jurisdiction depending on the condition of the parties, [sic] is governed by that condition as it was at the commencement of the suit." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006) (citation, internal quotations and alterations omitted); *see also Hassan v. Allen*, No. 97-4005, 1998 WL 339996 at *6 (10th Cir. June 24, 1998) ("[I]t is more than well-settled that a party's citizenship, *i.e.*, his domicile, must be determined as of the moment the plaintiff's complaint is filed, and events either before or after the filing of the complaint will not defeat citizenship."). The burden rests upon the party invoking the federal jurisdiction "to prove by a preponderance of the evidence that he was a citizen of that state." *Mid-Continent Pipe Line Co. v. Whiteley*, 116 F.2d 871, 873 (10th Cir. 1940).

2. *Evaluation of Claims*

The parties dispute whether the original defendants in this case, *i.e.*, the Hubbells and Georgia Chamberlain, the Public Trustee for Garfield County, were citizens of Colorado at the time Plaintiff filed its complaint — November 10, 2004 — and the Hubbells impleaded the

Defendants — July 11, 2005. (*See* Teamcorp's Br. *passim*, Carneys' Br. *passim*, Defs.' Supplemental Br. at 10.)

### *a. Subject Matter Jurisdiction Over Alpine Bank's November 10, 2004 Complaint*

At the outset, the court clarifies that "in determining the question of diversity [the court] look[s] to the citizenship of the real parties in interest — not nominal parties with no real interest in the controversy." *Becker v. Angle*, 165 F.2d 140, 142 (10th Cir. 1948). Accordingly, the court finds that the domicile of the Trustee, Georgia Chamberlain, does not have any impact on the existence of complete diversity of citizenship because Defendants do not claim that the Trustee has any real interest in this case. (*See* Teamcorp's Br. *passim*; Carneys' Br. *passim*, Defs.' Supplemental Br. *passim*, *see also generally*, Answer of the Trustee of Garfield County [filed Dec. 8, 2004] [stating that "Plaintiff's complaint does not allege any failure by Defendant to perform her statutory functions. Defendant disclaims any right, title or interest in the property which is the subject matter of this action, save and except by virtue of any deed of trust that may be held by this defendant."].) Therefore, the court will focus on the facts that could establish the Hubbells' domicile on the date Alpine Bank's complaint was filed — November 10, 2004. (*See* Compl.)

A natural person is a citizen of the state in which they are domiciled. *See Walden v. Broce Constr. Co.*, 357 F.2d 242, 245 (10th Cir. 1966). Courts recognize "a presumption of an established domicile over a newly acquired one." *Cressler v. Neuenschwander*, 930 F. Supp. 1458, 1460 (D. Kan. 1996) (citing *Bair v. Peck*, 738 F. Supp. 1354, 1356 [D. Kan. 1990]).

"Residence alone is not the equivalent of citizenship, but the place of residence is prima facie the domicile." *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). The other factors courts consider include: voting registration, employment status, length of residence, what domicile is claimed for tax purposes, location of bank accounts, whether the party rents or owns his or her home, vehicle registrations and licenses, whether the party moved his or her belongings, and where a party receives mail. *See Wallace v. HealthOne*, 79 F. Supp. 2d 1230, 1233 (D. Colo. 2000); *Coffman v. Myers*, No. 06-2297-CM., 2007 WL 1703553 at*2 (D. Kan. June 12, 2007).

### i. *Income Tax Returns*[2]

The Hubbells filed their 2000–2005 federal income tax returns claiming that they are domiciled in Texas. (*See* Pl.'s Sur-Reply, Ex. 3 at 1–7 [2000–2005 Tax Return Forms]; *see also id.*, Ex. 1 at 3 [Mr. Hubbell's Dep.], Ex. 2 at 3–4 [Ms. Hubbell's Dep.] [admitting that by claiming they were residents of Texas for the purposes of their federal income tax they would not have Texas state income tax].)

### ii. **Length of Residence**

The Hubbells, under the penalty of perjury, claimed to be permanent residents of Texas from 2000 to 2006, while they lived there with their friends (the Morrows) and family (Ms. Hubbell's uncle), and in 2007. (*See* Teamcorp's Br., Ex. B at 3 [Ms. Hubbell's Dep.] [stating that she considered herself a permanent resident of Texas in 2004–2005]; Pl.'s Sur-Reply, Ex. 1

---

[2] The Hubbells also paid property taxes on two properties they owned in Colorado. (Defs.' Supplemental Br., Ex. D at 20.)

at 3, 8–9 [Mr. Hubbell's Dep.], Ex. 2 at 3–4 [Ms. Hubbell's Dep.] [also stating that Mr. and Ms. Hubbell got divorced in Texas on April 27, 2007, having had claimed that they had been residents of Texas for at least six months prior to that date.], Ex. 3 at 1–7 [2000–2005 Tax Return Forms].)

### iii. Voting Registration

The Hubbells have never been registered to vote in Colorado.[3] (*See* Pl.'s Sur-Reply, Exs. 4, 5 [Garfield County Clerk, Jean Alberico's Affs.].) Mr. Hubbell voted in Texas in 2004 and 2005. (*See id.*, Ex. 1 at 9, 13 [Mr. Hubbell's Dep.], *see also id.*, Ex. 6 [Mr. Hubbell Tax Return Form] [certifying that Mr. Hubbell voted in Texas.) Ms. Hubbell states that she was registered to vote in Texas between 1996 and 2004. (*See id.*, Ex. 2 at 9–10 [Ms. Hubbell's Dep.].) She is currently registered to vote in Texas. (*See id.,* Ex. 2 at 11 [Ms. Hubbell's Dep.].)

### iv. Employment Status

From 2001 to 2006, Mr. Hubbell was employed with Northwest Airlines and based in either Michigan or Minnesota, and Ms. Hubbell, a pilot, was employed with American Airlines and based in California. (*See* Pl.'s Sur-Reply, Ex. 1 at 4–5 [Mr. Hubbell's Dep.], Ex. 2 at 5–6 [Ms. Hubbell's Dep.].)

### v. Movement of Belongings and Membership Associations

During the relevant time the Hubbells kept the furniture they intended to put in the house they were building in a rental unit in Colorado. (Defs.' Supplemental Br., Ex. C at 23 [Ms.

---

[3] Ms. Hubbell states that "I believe I had a Colorado license – voter registration, but I can't remember." (Pl.'s Sur-Reply, Ex. 2 at 10 [Ms. Hubbell's Dep.].)

Hubbell's Dep.].)  The Hubbells were members of the homeowner association in Colorado.  (*Id.*, Ex. D at 23 [Mr. Hubbell's Dep.].)

    *vi.*  ***Location of Bank Accounts***

Mr. Hubbells' "primary bank account is the Bank of America, Dallas, Texas."  (Pl.'s Sur-Reply, Ex. 1 at 11 [Mr. Hubbell's Dep.].)  Ms. Hubbell's primary bank and brokerage accounts were located in Capital Federal Bank in Kansas in 2004–2005.  (*Id.*, Ex. 2 at 8, 12 [Ms. Hubbell's Dep.].)  The Hubbells also had Alpine Bank and Wells Fargo accounts in Colorado.  (*Id.*, Ex. 1 at 11 [Mr. Hubbell's Dep.].)  Mr. Hubbell never used these accounts and Ms. Hubbell alleges that she might have used the Wells Fargo account but could not provide any statement.  (*Id.*, Ex. 1 at 11 [Mr. Hubbell's Dep.], Ex. 2 at 12 [Ms. Hubbell's Dep.].)

    *vii.*  ***Licenses and Vehicle Registrations***

Mr. Hubbell has had a driver's license in the state of Texas at all times between 2000 and 2006.  (*See* Pl.'s Sur-Reply, Ex. 1 at 8–9 [Mr. Hubbell's Dep.].)  He renewed his Texas driver's license in the spring of 2005 affirming that he was a resident of Texas.  (*See id.*)  From 1998, Ms. Hubbell has had a Texas driver's license that she too renewed in 2005.  (*Id.*, Ex. 2 at 4 [Ms. Hubbell's Dep.], Ex. 7 [Texas Department of Public Safety Doc.].)  She also has a Colorado driver's license issued in 2001.  (*Id.*, Ex. 2 at 4 [Ms. Hubbell's Dep.].)  In 2004–2006, the Hubbells had two vehicles registered in Minnesota, two in Colorado, and two in Texas (they had a third car in Texas that was titled there but did not have a license).  (*See id.*, Ex. 1 at 11–12 [Mr. Hubbell's Dep.], Ex. 15–16 [Ms. Hubbell's Dep.].)

In addition, between 2004 and 2006, the Hubbells did not change their mailing address to Colorado, even though they were spending most of their free time in Colorado. (Defs.' Supplemental Br., Ex. C at 19 [Mr. Hubbell's Dep.]; Pl.'s Sur-Reply, Ex. 1 at 14–15 [Mr. Hubbell's Dep.]; Teamcorp's Br., Ex. B at 3 [Ms. Hubbell's Dep.].) Instead, Mr. Hubbell had their mail forwarded to Colorado from Texas. (Pl.'s Sur-Reply, Ex. 1 at 14 [Mr. Hubbell's Dep.].)

Based on the foregoing, the court finds that the Hubbells were citizens of Texas. The fact that they spent most of their free time in Colorado during the relevant time and their mere intention to make Colorado their domicile after completing the construction of a home in Colorado does not support Defendants' claim that they were citizens of Colorado in 2004–2005. Accordingly, the case was properly removed to the federal court because diversity was complete.

### b. *Subject Matter Jurisdiction Over the Hubbells' July 11, 2005, Third-Party Complaint*

As mentioned above, the Hubbells, after removing the case to federal court, impleaded the third-party defendants. (*See* Third-Party Compl.) The record shows that Third-Party-Defendants remained adverse solely to the Hubbells and that Plaintiff has no claims against Third-Party-Defendants. Therefore, the Hubbells' claims against Third-Party-Defendants has no bearing on the authority of the federal court to adjudicate the claims Plaintiff asserted against the Hubbells. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67, 117 S.Ct. 467, 472 n.1 (1996) (citing *Wichita Railroad & Light Co. v. Public Util. Comm'n of Kan.*, 260 U.S. 48, 54, 43 S.Ct. 51, 53 [1922] [federal jurisdiction once acquired on the ground of complete diversity of citizenship is

unaffected by the subsequent intervention "of a party whose presence is not essential to a decision of the controversy between the original parties"].)

> As elaborated in 3 J. Moore, Moore's Federal Practice ¶ 14.26, p. 14-116 (2d ed.1996) (footnotes omitted): "Once federal subject matter jurisdiction is established over the underlying case between [plaintiff] and [defendant], the jurisdictional propriety of each additional claim is to be assessed individually. Thus, assuming that jurisdiction is based upon diversity of citizenship between [plaintiff] and [defendant], the question concerning impleader is whether there is a jurisdictional basis for the claim by [defendant] against [third-party defendant]. The fact that [plaintiff] and [third-party defendant] may be co-citizens is completely irrelevant. Unless [plaintiff] chooses to amend his complaint to assert a claim against [third-party defendant], [plaintiff] and [third-party defendant] are simply not adverse, and there need be no basis of jurisdiction between them."

*Id.* (alteration in original).

In this case, however, the court's finding in the prior section — regarding the evidence establishing the Hubbells' domicile in 2004–2005 for the purpose of subject matter jurisdiction over Plaintiff's complaint — equally applies to Defendants' argument regarding subject matter jurisdiction over the Hubbells' Third-Party Complaint. *See analysis § 2(a), supra.* Accordingly, the court finds that it properly exercised jurisdiction over the impleaders because the Hubbells were citizens of Texas on and before July 11, 2005, and therefore diversity was complete.

### *3. Conclusion*

Based on the foregoing, it is therefore ORDERED that:

1. Teamcorp's Motion to Remand (#373) is DENIED.

2. Third Party Defendants Carney Brothers Construction, Inc, Ian Carney and Richard Carney's Motion to Remand (#374) is DENIED.

Dated this 2nd day of September, 2008.

                                    BY THE COURT:

                                    <u>s/ Edward W. Nottingham</u>
                                    EDWARD W. NOTTINGHAM
                                    Chief United States District Judge