IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 05-cv-00026-CMA-KLM

ALPINE BANK, a Colorado banking corporation,

    Plaintiff,

v.

PLATT T. HUBBELL,
KELLEY S. HUBBELL, and
GEORGIA CHAMBERLAIN, as Public Trustee of Garfield County, Colorado,

    Defendants/Third-Party Plaintiffs,

v.

CARNEY BROTHERS CONSTRUCTION, a Colorado corporation,
IAN CARNEY,
RICHARD CARNEY,
TEAMCORP, INC. d/b/a DRAFT TEK, a Colorado corporation,
THANE R. LINCICOME,
T.J. CONCRETE CONSTRUCTION, INC., a Colorado corporation, and
KERRY M. KARNAN,

    Third-Party Defendants.

## DECREE OF FORECLOSURE

This matter is before the Court on Plaintiff Alpine Bank's Motion for Decree of Foreclosure (Doc. # 436). The Motion is GRANTED.

The Court FINDS AS FOLLOWS:

1.    Each of the Defendants has been properly served and the Court has jurisdiction over this matter and all parties pursuant to 28 U.S.C. § 1332 (a)(1).

2. The real property affected by this action is described as follows:

> LOT 11
> PINYON PEAKS SUBDIVISION
> ACCORDING TO THE FIRST AMENDED
> PLAT RECORDED OCTOBER 3, 1989
> AS RECEPTION NO. 406052
> COUNTY OF GARFIELD, STATE OF
> COLORADO,

also know as Lot 11, Pinyon Peaks Subdivision, Garfield County, Colorado ("Property").

3. Defendants/Third-party Plaintiffs Platt T. Hubbell and Kelly S. Hogan defaulted under the terms of the Promissory Note and Deed of Trust described in the Complaint for Foreclosure.

4. None of the parties in this action is a minor, an incapacitated party, an officer or agency of the State of Colorado, or in the military service.

5. Defendant Georgia Chamberlain as Public Trustee of Garfield County, Colorado filed an Answer disclaiming any right, title or interest to the Property.

6. On March 29, 2007, this Court entered Final Judgment in favor of Plaintiff and against Defendants/Third-party Plaintiffs Platt T. Hubbell and Kelly S. Hogan for the sum of $786,998.38 in principal and as of March 29, 2007, the sum of $39,349.92 in late fees and the sum of $128,805.07 in accrued interest. Interest accrues at the rate of $131.17 per diem until paid. A true copy of the Court's March 29, 2007 Final Judgment is attached hereto as Exhibit A and incorporated by this reference as though fully set forth.

7. The parties stipulated to costs in the sum of $5,720.

8. On December 4, 2007, this Court entered Judgment in favor of Plaintiff and against Defendants/Third-party Plaintiffs Platt T. Hubbell and Kelly S. Hogan pursuant to Plaintiff's Motion for Attorneys' Fees in the amount of $167,948.43. Post-judgment interest shall accrue at the legal rate of 3.25% from the date of entry of this Judgment Concerning Attorneys' Fees. A true copy of the Court's December 4, 2007 Judgment Concerning Attorneys' Fees is attached hereto as Exhibit B and incorporated by this reference as though fully set forth.

9. The foregoing Judgments are against the Defendants/Third-party Plaintiffs named in this action.

10. The Note is secured by the Deed of Trust described in the Complaint for Foreclosure.

11. The Deed of Trust is a valid lien on the Property and is a prior and superior lien to the interests and liens of all the Defendants named in this action.

12. The lien of Plaintiff's Deed of Trust is prior and superior to the interest of the Defendants/Third-party Plaintiffs in the Property.

13. Defendants/Third-party Plaintiffs Platt T. Hubbell and Kelly S. Hogan, as owners of the Property, have a right to cure the monetary defaults and redeem pursuant to C.R.S. § 38-38-104 and this Order.

14. On the basis of the allegations in the Complaint for Foreclosure, there are no valid liens junior to the Plaintiff's lien.

Accordingly, it is ORDERED that:

A. The Deed of Trust the Public Trustee of Garfield County, for the benefit of Alpine Bank, dated January 22, 2003 and recorded January 29, 2003 as Reception No. 619634 of the real estate records of the Clerk and Recorder of Garfield County, Colorado will be foreclosed, and the Sheriff of Garfield County, Colorado, is directed to sell the Property in the manner prescribed by statute for the sale of lands on execution, subject to the right to cure and redeem as provided by statute and this Order.

B. The Sheriff will publish notice for four weeks (five times) in a newspaper of general circulation in Garfield County, Colorado.

C. The Sheriff will apply the proceeds of the sale as follows:

1. First, to pay all fees, costs and expenses incurred in connection with the sale;

2. Second, to repay all advances by Plaintiff after judgment for taxes, insurance, attorney fees and other costs allowed by statute;

3. Third, to pay Plaintiff the amount of the Judgments entered by this Court as referenced herein, together with interest through the date of sale; and

4. Fourth, to pay any balance remaining into the registry of this Court, to be applied as this Court may direct.

D. Plaintiff is not required to post a security bond or Sheriff's indemnity bond in connection with this sale.

E. Following the sale, the Sheriff will execute and deliver a Certificate of Purchase to the highest bidder at the sale, and record a duplicate of the Certificate of Purchase in the real estate records of the Clerk and Recorder of Garfield County, Colorado. The Sheriff will also make a report of the sale to this Court as soon as possible following the sale. Upon the expiration of all redemption periods provided by law, the Sheriff will execute and deliver a deed conveying the Property to the holder of the Certificate of Purchase, unless the Property is redeemed.

DATED: March  10 , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge