IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 05-cv-00026-CMA-KLM

ALPINE BANK, a Colorado banking corporation,

    Plaintiff,

v.

PLATT T. HUBBELL,
KELLEY S. HUBBELL, and
GEORGIA CHAMBERLAIN, as Public Trustee of Garfield County, Colorado,

    Defendants/Third-Party Plaintiffs,

v.

CARNEY BROTHERS CONSTRUCTION, a Colorado corporation,
IAN CARNEY,
RICHARD CARNEY,
TEAMCORP, INC. d/b/a DRAFT TEK, a Colorado corporation,
THANE R. LINCICOME,
T.J. CONCRETE CONSTRUCTION, INC., a Colorado corporation, and
KERRY M. KARNAN,

    Third-Party Defendants.

---

## ORDER DENYING MOTION FOR CIVIL CONTEMPT

---

This matter is before the Court on Plaintiff Alpine Bank's Motion for Civil Contempt (Doc. # 421) and Defendants' Motion to Vacate October 24, 2008 Order (Doc. # 432). For the following reasons, the Motion for Contempt is DENIED and the Motion to Vacate is DENIED AS MOOT.

Plaintiff won its motion for summary judgment and received a large judgment against Defendants. Defendants appealed to the Tenth Circuit Court of Appeals. To stay execution of the judgment against them, Defendants sought and were granted permission to use the property at issue in this case as security. (Doc. # 350.) In addition to the property, however, to stay execution of the judgment, the Court required Defendants to post a supersedeas bond in the amount of $100,000. (Doc. # 400.) Defendants sought an extension of time to post the supersedeas bond, which was granted. (Doc. # 407.) Defendants then sought to post cash in lieu of a supersedeas bond. (Doc. # 409.) Plaintiff did not object and the Court allowed Defendants to post cash "in lieu of a surety bond." (Doc. # 419.)

To date, Defendants have neither posted a supersedeas bond nor deposited cash in lieu of the supersedeas bond. Plaintiff argues that, by not depositing the cash, Defendants failed to comply with the Court's most recent Order on the subject. However, nothing in the Order allowing Plaintiff to post cash **in lieu** of a surety bond affirmatively required Defendants to post the cash they represented they would post. Their failure to deposit the cash in lieu of the bond was akin to failing to post a supersedeas bond. While the Court notes that the actions of the Defendants with respect to the posting of the bond appear to be manipulative and deceitful, supersedeas bonds are not mandatory and, unfortunately, nothing in the Court's Order prevented Plaintiff from executing on the judgment. Thus, although the Court is

reluctant to condone Defendants' behavior, the Court cannot say that Defendants violated the Order allowing them to post cash in lieu of a supersedeas bond.

Also, the Tenth Circuit Court of Appeals recently affirmed this Court's summary judgment ruling and issued its mandate in this case (Doc. # 437). In response, this Court certified the Judgment (Doc. # 440). As such, any wrangling over the stay of execution is now a moot point.

Accordingly,

Plaintiff's Motion for Contempt (Doc. # 421) is DENIED; and

Defendants' Motion to Vacate (Doc. # 432) is DENIED AS MOOT.

DATED: March  10 , 2009

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge