IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00026-CMA-KLM

PLATT T. HUBBELL, and
KELLEY S. HUBBELL,

    Third-Party Plaintiffs,

v.

CARNEY BROTHERS CONSTRUCTION, a Colorado corporation,
IAN CARNEY,
RICHARD CARNEY,
TEAMCORP, INC., d/b/a DRAFT TEK, a Colorado corporation,
T.J. CONCRETE CONSTRUCTION, INC., a Colorado corporation, and
KERRY M. KARNAN,

    Third-Party Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Third-Party Defendants Karnan and Teamcorp, Inc.'s **Motion for Leave to File Non-Party Designations Out of Time** [Docket No. 507; Filed March 19, 2010] (the "Motion for Leave") and **Third-Party Plaintiffs' Motion to Strike Teamcorp/Karnan's Designation of Non-Parties at Fault [doc. 495]** [Docket No. 496; Filed February 23, 2010] (the "Motion to Strike"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C.3., the Motions have been referred to this Court for a

1

recommendation.[1]  I have reviewed the Motions, the parties' responses [Docket No. 506, 521] and a reply [Docket No. 524], the entire case file and the relevant law and am advised in the premises.  I recommend that the Motion for Leave be **denied** and that the Motion to Strike be **granted** .

## I.  Background

This case involves the construction of a single-family residence in Carbondale, Colorado.  Alpine Bank provided a loan to the Hubbells for the construction of the house.  After approximately $800,000 had been allegedly disbursed to the contractor, the Hubbells assert that they discovered that the home was less than one-third complete, necessary building permits had not been obtained, and that it could be more cost efficient to tear down the portion built so far and start over again.  Alpine Bank sought to foreclose on the loan and sued the Hubbells when they failed to repay the loan upon maturity. The Hubbells asserted counterclaims against Alpine Bank for breach of contract, negligent misrepresentation, fraudulent non-disclosure, and violation of the Colorado Consumer Protection Act . Underlying all the counterclaims, as well as the Hubbells' defense to the Bank's claim, were allegations that the Bank had not performed on its promises to oversee construction and had misled the Hubbells regarding the contractor and the course of construction.

---

[1] There is some authority for the proposition that motions regarding non-party designations are dispositive and thus a magistrate judge may only issue a recommendation. *See Grabau v. Target Corp.*, No. 06-cv-1038-WDM-KLM. 2008 WL 179442, at * 2 n. 2 (D. Colo. Jan. 17, 2008); *Fulbright & Jaworski, L.L.P. v. Mariner,* No. SA-5-CA-127-B, 2006 WL 3447688, at * 1 n. 1 (W.D. Tex. Nov. 2, 2006).  For the purposes of the Motions at issue here, I will review the Motions as dispositive.

Alpine Bank moved for summary judgment against the Hubbells on the claim for foreclosure on the deed to the residence. On February 3, 2007 the District Court granted summary judgment in Alpine Bank's favor and against the Hubbells on the foreclosure claim and dismissed all of the Hubbells' counterclaims against Alpine Bank. The Tenth Circuit affirmed the District Court's decision in *Alpine Bank v. Hubbell*, 555 F.3d 1097 (10th Cir. 2009).

The Hubbells also brought a Third Party Complaint for professional malpractice against Third Party Defendant Lincicome. He filed a Motion to Dismiss the Hubbells' claims against him because the Hubbells failed to file a certificate of review within (60) sixty days of filing suit against him as required by Colo. Rev. Stat. § 13-20-602. The Court granted the Motion to Dismiss on August 10, 2006. *Docket* # 227. The Court subsequently modified its Order to indicate that the dismissal was without prejudice. *Docket* # 285.

The Hubbells then filed a Third Party Complaint against the companies and individuals involved in the construction of the home. The Third Party Complaint names the general contractor and others hired to assist in the construction project: Carney Brothers Construction, Ian Carney and Richard Carney, general contractors; Teamcorp, a drafting-services company, and its principal, Kerry Karnan; Lincicome, a licensed professional engineer who stamped or certified the plans; and T.J. Concrete Construction, Inc., the company that provided materials and labor for the foundation of the residence. These are the current Third Party Defendants.

**I.     Analysis**

On February 16, 2010, Teamcorp Inc. d/b/a Draft-Tek and Kerry Karnan ("Teamcorp") filed a Designation of Non-Parties at Fault. *Docket* # 495. Teamcorp designated a number of new parties who allegedly may be wholly or partially at fault for the injuries alleged in the Third Party Complaint.[2] Pursuant to Colorado law, a party may designate non-parties at fault and the jury may consider those non-parties when apportioning liability. *Barton v. Adams Rental, Inc.*, 938 P.2d 532, 535 (Colo. 1997). One of the purposes behind the requirements for non-party designation, including imposing a time limit and specifying the terms of notice, is to provide opposing parties with notice of the non-party's potential liability as well as the non-party's contact information, to ensure that opposing parties will be able to assess the non-party's involvement and make case decisions accordingly. *See generally Baca v. Clark*, No. 06-cv-00714-EWN-PAC, 2007 WL 1964079, at *4 (D. Colo. July 2, 2007) (unpublished decision) (noting that a notice that complies with the spirit of Colo. Rev. Stat. § 13-21-111.5(3) is sufficient to minimize any prejudice that the designation may cause to plaintiff). "The designation [also] ensures that parties found liable will not be responsible for more than their fair share of the damages." *Pledge v. RM Holdings, Inc.*, 75 P.3d 1126, 1128 (Colo. App. 2002).

The Hubbells move to strike Teamcorp's designation. The Hubbells note that Teamcorp's designation was untimely because it was filed years after the designations were due. In addition, the Hubbells assert that Teamcorp's designation should be stricken

---

[2] After filing this designation, Teamcorp requested leave to designate parties out of time. *Motion* [#507].

because the non-parties are not sufficiently identified. As a result, the Hubbells contend that Teamcorp's designation does not conform with Colorado law.

For a designation of a non-party to be proper, the moving party must give notice of the designation within (90) ninety days of the commencement of the action unless the Court considers a longer period necessary. Colo. Rev. Stat. § 13-21-111.5(c)(2). The notice must set forth the non-party's name and last known address, "or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such a nonparty to be at fault." *Id.*

A court may find that "the burden untimely designation imposes on the efficient progress of litigation outweighs the need for designation demonstrated by a defendant and deny a motion to designate out of time." *Watters v. Pelican Int'l, Inc.*, 706 F.Supp. 1452, 1457 (D. Colo. 1989). The following factors should be considered in determining whether to extend the 90-day period: (1) whether the neglect was excusable; (2) whether the party making the designation has alleged a meritorious defense or claim; and (3) whether relief from the deadline would be inconsistent with equitable considerations. *Daugherty v. Bissell*, No. 08-cv-01931-WYD-BNB, 20009 WL 2853108, at * 2 (D. Colo. Sept. 1, 2009) (citing *Redden v. SCI Colorado Funeral Services, Inc.* 38 P.3d 75, 84 (Colo. 2001)).

Teamcorp asserts that the designation of former parties as non-parties was not untimely because designation of such parties is permitted at any time prior to trial or before judgment where parties reach a settlement before judgment. Teamcorp cites no relevant

authority for this proposition.[3] Teamcorp seeks to designate "all individuals or organizations who were parties to this action and were dismissed by the Court before trial, voluntarily dismissed, obtained judgment before trial, or who reached settlement before trial ...." *Designation* # 495 at 1-2. Teamcorp specifically identifies only two former parties as proposed non-parties at fault, Alpine Bank and Lincicome. *Response* #506 at 3. As to the former, the Tenth Circuit affirmed summary judgment in favor of Alpine Bank on the Hubbells' claims and counterclaims on January 30, 2009. *Alpine Bank*, *supra.* Lincicome was dismissed pursuant to a settlement agreement with the Hubbells in March 2007. The remaining former parties – Richard Fulkerson and Colorado Division of Banking – were terminated from the action years before Teamcorp's designation. Teamcorp cites no reason why the former parties could not have been designated within the several intervening years.

Teamcorp is correct in asserting that the Hubbells were aware of these parties because they were named in the original complaint. However, Teamcorp has provided no excuse for failing to designate the former parties in the years since they were terminated from this lawsuit. There was no reason for the Hubbells to believe that these parties would be designated at this late date. Moreover, despite the fact that the Hubbells knew of these non-parties, mere knowledge of such parties does not eliminate the adverse impact of their late designation as non-parties at fault. Teamcorp's considerable delay in issuing a designation as to the former parties is inexcusable. Teamcorp has not provided a credible

---

[3] In support of its position, Teamcorp cites *Montoya v. Grease Monkey Holding Corp.*, 883 P.2d 486 (Colo. App. 1994). That case is not persuasive because it does not involve the late designation of non-parties.

6

reason for the untimely designation.

In addition to the former parties, Teamcorp seeks to designate nine non-parties who worked on the construction of the residence: Cheney Plumbing and Heating, Inc., IRMW of Colorado, Inc., Jensen Brothers Contracting, Pacific Sheet Metal Inc., R&A Enterprises of Carbondale, Inc., R&R Builders, Inc., Scotties Layout by Design, Inc., Western Masonry, and DRT2, LLC. Again, Teamcorp admits that the designations are untimely, but requests that the 90-day statutory limit be excused because "a longer period [was] necessary." C.R.S. § 13-21-111.5(3)(b). Teamcorp's argument is strained at best. Teamcorp asserts that the Hubbells' expert issued a report in January 2010. *Response* [#56-1]. The report concluded that the allocation of damages should be divided by three parties: Carney Brothers Construction, T.J. Concrete and Teamcorp. On February 15, 2010 Teamcorp's rebuttal expert report opined that the subcontractors are responsible for some of Teamcorp's claims. *Id.* at [#56-2]. Thus, Teamcorp argues that the designation of the subcontractors is necessary.

The issuance of these reports in 2010 was not the first time Teamcorp became aware of the non-parties. Teamcorp was advised of the subcontractors in June 2006. *See Response* #506, Ex. C. Teamcorp has not asserted any basis for not designating these individuals prior to the experts' reports issued five years after the filing of the case. Teamcorp's designation of the named non-parties was not dependant on the expert reports. Moreover, earlier in the litigation, the Hubbells alleged that the nine subcontractors may have "information and knowledge regarding the facts alleged in this matter." *Id.* at [#56-3].

7

Given the allegations in the case and the common theories advanced in litigation involving alleged construction defects, no particularly rigorous study or discovery was necessary to conclude that sub-contractors might be responsible for some of the problems asserted. Indeed, given its position as the drafting services company on the project, Teamcorp was in an ideal position to assess the involvement of these subcontractors long before the expiration of the statutory deadline.

"Trial courts have the responsibility of managing their dockets, moving cases toward completion, and assuring that parties comply with deadlines." *Redden*, 38 P.3d at 84. Therefore, the courts should strictly construe the requirements for a proper designation of non-parties. *Watson v. Dillon Companies, Inc.*, No. 08-cv-00091-WDM-CBS, 2008 WL 5104783, at * 4 (D. Colo. Dec. 2, 2008) (citing *Redden*, 38 P.3d at 80). Teamcorp has clearly, and without sufficient justification, violated the statutory time limits.[4]

### III. Conclusion

Based on the foregoing,

IT IS **RECOMMENDED** that the Motion to Strike [# 496] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that the Motion for Leave [# 507] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of the Recommendation to serve and file any written

---

[4] Because I have concluded that Teamcorp's neglect was not excusable, I find it unnecessary to consider the other factors, i.e. whether the designation sufficiently states a claim, and whether equitable considerations advise against allowing a late designation, a factor which would be in the Hubbells' favor.

objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 26, 2010

s/ Kristen L. Mix  
Kristen L. Mix  
United States Magistrate Judge