IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 05-cv-00026-CMA-KLM

PLATT T. HUBBELL, and
KELLEY S. HUBBELL,

    Third-Party Plaintiffs,

v.

CARNEY BROTHERS CONSTRUCTION, a Colorado corporation,
IAN CARNEY,
RICHARD CARNEY,
TEAMCORP, INC. d/b/a DRAFT TEK, a Colorado corporation,
T.J. CONCRETE CONSTRUCTION, INC., a Colorado corporation, and
KERRY M. KARNAN,

    Third-Party Defendants.

---

**ORDER ADOPTING AND AFFIRMING MAY 26, 2010 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on Third-Party Defendants Kerry M. Karnan and Teamcorp, Inc.'s Motion for Leave to File Non-Party Designations Out of Time (Doc. # 507) and Third-Party Plaintiffs Platt T. Hubbell and Kelley S. Hubbell's Motion to Strike Teamcorp/Karnan's Designation of Non-Parties at Fault (Doc. # 496). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b), the Motions were referred to United States Magistrate Judge Kristen L. Mix for a Recommendation by Orders of Reference dated February 25 and March 24, 2010. (Doc. ## 497 and 507.) On May 26, 2010, Magistrate Judge Mix issued a Recommendation that Third-Party Defendants' Motion for Leave be denied and Third-Party Plaintiffs' Motion to Strike be granted. (Doc. # 530

at 2.)  For the reasons discussed below, the Court AFFIRMS and ADOPTS the May 26, 2010 Recommendation of Magistrate Judge Mix.

## I.  BACKGROUND

This action arises from the default by Third-Party Plaintiffs Platt T. Hubbell and Kelley S. Hubbell ("the Hubbells") on a home construction loan the Hubbells obtained from Alpine Bank on or about January 22, 2003.  After $800,000 had been paid to the contractor, the Hubbells assert that they discovered that the home was less than one-third complete, necessary building permits had not been obtained, and that it would be more cost-efficient to terminate the project and start over again.  After Alpine Bank sued the Hubbells for the outstanding loan balance, the Hubbells asserted counterclaims against Alpine Bank for breach of contract, negligent misrepresentation, fraudulent non-disclosure, and violation of the Colorado Consumer Protection Act, resulting from Alpine Bank's alleged misrepresentation of construction-related information.

Alpine Bank moved for summary judgment against the Hubbells, and on March 2, 2007, summary judgment was granted in Alpine Bank's favor and the Hubbells' counterclaims against Alpine Bank were dismissed.  (Doc. # 292 at 36-37.)  The Tenth Circuit affirmed this decision on January 30, 2009.  (Doc. # 432.)

The Hubbells had also filed a Third-Party Complaint against the companies and individuals involved in the residence's construction, including Thane R. Lincicome, a licensed professional engineer who approved the structural specifications for the residence.  (Original Third-Party Complaint at Doc. # 25; Amended Third-Party

2

Complaint at Doc. # 104.)  On August 10, 2006, Mr. Lincicome was dismissed from the action.  (Doc. # 227.)  The dismissal was later amended to be without prejudice.  (Doc. # 285.)  However, the other companies and individuals identified in the Amended Third-Party Complaint (Doc. # 104) remain Third-Party Defendants, as listed in the above caption.  The third-party claims arise from the allegedly fraudulent, improper, and/or inadequate practices relating to the planning, design, and construction of a single family home.

On February 16, 2010, Third-Party Defendants Teamcorp and Karnan filed a Designation of Non-Parties at Fault.  (Doc. # 495 at 1.)  In pertinent part, Teamcorp and Karnan seek to designate various non-parties "who may be wholly or partially at fault for Plaintiffs' alleged damages, injuries or losses[,]" pursuant to C.R.S. § 13-21-111.5.  (Doc. # 495).  In particular, Teamcorp and Karnan seek to designate the following: (1) "[A]ll individuals or organizations who were parties to this action and were dismissed by the Court before trial, voluntarily dismissed, obtained judgment before trial, or who reached settlement before trial"[1] and (2) various subcontractors who worked on the Hubbells' home that were never parties to this action.  (*Id.*, ¶¶ 3-11.)

On February 23, 2010, the Hubbells filed a Motion to Strike Teamcorp and Karnan's Designation of Non-Parties at Fault.  (Doc. # 496.)  In pertinent part, the Hubbells contend that the Designation of Non-Parties utterly fails to comport with the

---

[1] Teamcorp and Karnan later clarify that these "individuals" and "organizations" are Mr. Lincicome and Alpine Bank.  See Doc. #506 at 3.

90-day deadline set forth in C.R.S. § 13-21-111.5(3)(b), as these designations are approximately four years too late, and fail to comport with the statute's specificity requirements concerning the identification of non-parties. (*Id.* at 1).

On March 19, 2010, Teamcorp and Karnan responded to the Hubbells' Motion to Strike, arguing that the statute "provides for a liberal policy of allowing designation of non-parties at fault beyond 90 days from the filing of the action" and that "good cause" warrants the late designation. (Doc. # 506 at 3.) Also in the Response brief, Teamcorp and Karnan withdrew their designation of Alpine Bank "[b]ecause the Court has already ruled that Alpine Bank has no responsibility for Plaintiffs' claimed damages[.]" (*Id.* at 6). However, the request to designate Lincicome as a non-party remains. (*Id.* at 6-7.)

On April 12, 2010, the Hubbells filed a "Combined Reply/Response Re. Motions [doc. 496] [doc. 507] Pertaining to Teamcorp/Karnan's Designation of Non-Parties at Fault [doc. 495]." (Doc. # 521.) In pertinent part, the Hubbells contend that Teamcorp and Karnan fail to provide any "support for their liberal construction of the statutory requirements for designating non-parties who used to be parties" or that a four-year extension of time is warranted. (*Id.* at 3-4.)

On April 29, 2010, Teamcorp and Karnan filed their Reply. (Doc. # 524.) In this Reply, Teamcorp and Karnan assert, for the first time, that C.R.S. § 13-21-111.5(3)(b) "clearly states that the 90 day timeframe only applies to non parties who have not reached a settlement with the Plaintiff." (*Id.* at 2.)

4

On May 26, 2010, Magistrate Judge Mix issued a Recommendation that Third-Party Defendants' Motion for Leave to File Non-Party Designations Out of Time be denied and that the Hubbells' Motion to Strike the Designation of Non-Parties at Fault be granted. (Doc. # 530 at 2.) Magistrate Judge Mix concluded that Teamcorp and Karnan fail to explain why former parties and the non-parties who had worked on the construction of the residence could not have been designated earlier. (*Id.* at 6-7.)

On June 4, 2010, Teamcorp and Karnan filed a "Partial Objection to Magistrate's Recommendation Dated May 26, 2010 [Doc. 530]". (Doc. # 536.) In sum, Teamcorp and Karnan object to the Magistrate's Recommendation to the extent it applies to the former parties who were dismissed through settlement, but do not object to the extent it applies to those who were never parties in this action. In pertinent part, Teamcorp and Karnan re-assert their contention that "[n]either the statute nor any interpreting case law requires a former settling party to be designated within a specified time period." (Doc. # 536, ¶ 8.)[2]

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is properly made if it is both timely

---

[2] Because Teamcorp and Karnan only object to the Magistrate Judge's Recommendation in part, this Order will only discuss the Recommendation as it relates to the Objections, although the Court has conducted the requisite *de novo* review, as discussed below.

5

and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is timely if made within 14 days after the magistrate judge issues her recommendation. Fed. R. Civ. P. 72(a). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *See One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). If objections are not made or if made improperly, the Court has discretion to review the recommendation under whatever standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III. ANALYSIS

For a designation of a non-party to be proper, the moving party must give notice of the designation within 90 days of the commencement of the action unless the court considers a longer period necessary. Colo. Rev. Stat. § 13-21-111.5(3)(b). The notice must set forth the "nonparty's name and last-known address, or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault." (*Id.*)

Courts consider the following factors to determine whether an extension beyond the 90-day deadline is necessary: (1) whether the neglect was excusable; (2) whether

6

the party making the late designation has alleged a meritorious defense or claim; and (3) whether relief from the deadline would be inconsistent with equitable considerations. *Daughtery v. Bissell*, No. 08-cv-1931, 2009 WL 2853108, at *2 (D. Colo. Sept. 1, 2009) (citing *Redden v. SCI Colorado Funeral Services, Inc.*, 38 P.3d 75, 84 (Colo. 2001)).

In their Objections, Teamcorp and Karnan do not dispute this criteria, but contend that "[n]either the statute nor any interpreting case law requires a former settling party to be designated within a specified time period" and that, with respect to settling nonparties, the designation is "timely so long as the designation occurs prior to judgment." (Doc. # 536, ¶¶ 8, 9.) In support, Teamcorp and Karnan cite to *Montoya v. Grease Monkey Holding Corp.*, 883 P.2d 486, 489 (Colo. App. 1994). However, as Magistrate Judge Mix duly noted, *Montoya* does not stand for Teamcorp and Karnan's stated proposition. *Montoya* concerned <u>post-trial</u> motions to apportion fault among defendants and non-parties. *Montoya* never addressed late-filed, pre-trial designations of non-parties which is at issue here. Further, *Montoya* recognized the importance of timely designations pursuant to C.R.S. § 13-21-111.5; the court noted that, where timely designations are impossible because the potential designees are parties to the action, trial counsel should have invoked the statute's provisions "**once** [the] parties entered into settlement agreements with the plaintiffs." *Id.* at 489 (emphasis added).

Furthermore, none of the other cases to which Teamcorp and Karnan cite either support or explicitly address their proposition that the 90-day designation deadline does not apply to settling non-parties. *See e.g.*, *Thompson v. Colo. & E. R.R. Co.*, 852 P.2d

1328, 1329 (Colo. App. 1993) (emphasizing the importance of strict compliance with the requirements of section 13-21-111.5, without any distinction between settling non-parties and non-parties who were never parties to the action); *Harvey v. Farmers Ins. Exch.*, 983 P.2d 34, 38 (Colo. App. 1998) (discussing need for designations of settling non-parties to comply with section 13-21-111.5).[3] In the instant case, the Third-Party Defendants did not seek to designate any of the former parties until well-over two years after they were removed from the action, whether through settlement, court order, or other dismissal. The Court finds this extensive delay to be entirely inexcusable. Accordingly, Magistrate Judge Mix's Recommendation to deny Third-Party Defendants' Motion for Leave to File Non-Party Designations Out of Time is affirmed.

### IV. CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED as follows:

1. That Third-Party Plaintiffs Platt T. Hubbell and Kelley S. Hubbell's Partial Objection to Magistrate's Recommendation Dated May 26, 2010 (Doc. # 536) is OVERRULED;

2. That United States Magistrate Judge Kristen L. Mix's Recommendation (Doc. # 530) is AFFIRMED and ADOPTED;

---

[3] In their Reply brief in support of their Motion for Leave, Teamcorp and Karnan also cite to *Antolovich v. Brown Group Retail, Inc.*, 183 P.3d 582, 592 (Colo. App. 2007). However, this case is distinguishable from the instant case. In *Antolovich*, the defendants filed their designations as much as seven months late. However, the delay was due to necessary and complex scientific analysis of potential sources of groundwater contamination. Further, the designations were filed shortly after the parties filed their initial disclosures. In the instant case, Teamcorp and Karnan seek to designate non-parties nearly four years after the filing of the Amended Third-Party Complaint. Teamcorp and Karnan have provided no reasonable explanation for this delay and the court can think of none.

3. That Third-Party Defendants Kerry M. Karnan and Teamcorp, Inc.'s Motion for Leave to File Non-Party Designations Out of Time (Doc. # 507) is DENIED; and

4. That Third-Party Plaintiffs Platt T. Hubbell and Kelley S. Hubbell's Motion to Strike Teamcorp/Karnan's Designation of Non-Parties at Fault (Doc. # 496) is GRANTED.

DATED: June __10__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge