**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-cv-00026-CMA-KLM

PLATT T. HUBBELL, and
KELLEY S. HUBBELL[1]

Third-Party Plaintiffs,

v.

CARNEY BROTHERS CONSTRUCTION, a Colorado corporation,
IAN CARNEY,
RICHARD CARNEY,
TEAMCORP, INC d/b/a DRAFT TEK, a Colorado corporation,
T.J. CONCRETE CONSTRUCTION, INC., a Colorado corporation, and
KERRY M. KARNAN

Third-Party Defendants.

---

**HUBBELL/HOGAN'S MOTION TO STRIKE TEAMCORP/KARNAN'S SUMMARY-JUDGMENT REPLY [DOC. 543] OR FOR ALTERNATIVE RELIEF**

---

**D.C.COLO.LCivR 7.1(A) CERTIFICATION** – Undersigned counsel conferred by telephone with counsel for Teamcorp/Karnan, who opposes the relief requested herein.

## ISSUE

Summary-judgment procedure protects substantive rights, requiring the orderly and timely presentation of factual and legal issues so that all parties may be fully heard, the law applied to undisputed fact issues, and disputed fact issues preserved for trial. Teamcorp/Karnan's summary-judgment reply violates established procedure by ignoring fact issues and raising new legal issues after the summary-judgment deadline and

[1] Now known as Kelley S. Hogan.

Hubbell/Hogan's response. Should the Court strike the reply for violating procedure and impeding the fair determination of substantive issues?

If not, should the Court strike portions of the Reply or, at a minimum, grant leave for Hubbell/Hogan to file a sur-reply?

## ARGUMENT

Established summary-judgment procedures and standards promote:

- judicial efficiency by distinguishing between disputes of material fact reserved for the factfinder at trial and issues of law for the court;
- judicial economy by permitting the *timely* presentation and determination of substantive legal issues before trial; and
- fairness by mandating the orderly presentation of issues, thereby allowing nonmoving parties to respond to all issues raised.

Teamcorp/Karnan's reply defeats these goals by violating applicable procedures. The reply's failure to comply with the Court's practice standards renders it ambiguous, impedes the Court's determination of the pending motion in accordance with applicable summary-judgment standards, and endangers Hubbell/Hogan's right to trial on disputed fact issues. The reply's untimely presentation of new legal issues also violates fundamental fairness by evading a Hubbell/Hogan response.

These deficiencies warrant striking the reply in full. Striking it in part or granting leave for a sur-reply would not clarify Teamcorp/Karnan's position regarding the fact issues. Moreover, allowing the untimely new arguments would reward Teamcorp/Karnan's tardiness, require additional briefing by Hubbell/Hogan, and an

additional expenditure of time and effort by the Court. The Court should strike the reply in full so that only Teamcorp/Karnan bear the consequences of its shortcomings.

### A. The absence of fact sections violates the Court's practice standards, thereby obstructing application of the summary-judgment standard.

The standard for granting summary judgment requires separate analysis of factual issues and legal argument: summary judgment can only be granted where (1) the material facts are not in dispute and (2) the moving party is entitled to judgment as a matter of law. *E.g.*, Fed. R. Civ. P. 56(c)(2). Genuine issues of disputed fact must go to trial. *See e.g.,* Fed. R. Civ. P. 56(d)(1), (e)(2).

By requiring the parties to separately state their factual and legal arguments, Practice Standards III.B.4-8 protect the summary-judgment standard and make motions easier to determine. CMA Practice Standards III.B.8. ("The sole purpose of these procedures is to establish facts and to determine what facts are in dispute.").

Conversely, the reply's procedural violations hinder the Court's determination of the summary-judgment motion in accordance with the applicable standard. The reply neither addresses the response's objections and partial denials of "undisputed" facts, nor answers the response's twenty-one additional "disputed" facts. No part of the reply informs the Court which fact issues are undisputed and supported by the record, as required for summary judgment.

This lack of factual clarity also impedes determination of the legal arguments. For example, if the reply's silence is taken as an admission of Hubbell/Hogan's facts, then Teamcorp/Karnan admit that Hubbell/Hogan filed a certificate of review on October 18,

2005. *See* Response at 7, Fact 20. Twice, however, Teamcorp/Karnan assert in their legal argument that "no such certificate of review has ever been filed". *See* Reply at 1, 4. They provide no explanation or reference to the record to support that assertion. *Id.* Similarly, the reply presents untimely new arguments, *see* Arguments B & C, below, without any separate statement of "undisputed" facts. Thus, rather than separately crystallizing the factual and legal issues, the reply muddles both.

As a result, the Court should enforce its practice standards by striking the reply in full. Teamcorp/Karnan cannot justify their noncompliance with procedures that have been standing orders of the Court since at least April 2009. The Court should not risk error by attempting to decipher Teamcorp/Karnan's noncompliant reply.

**B. The presence of new legal issues violates the federal rule governing retroactive extensions of time, thereby evading the Court's summary-judgment deadline.**

The summary-judgment deadline expired on April 1, 2010, after an extension was granted on Teamcorp/Karnan's motion. *See* Order [Doc. 503]. Teamcorp/Karnan filed their motion seeking summary judgment based on Thane Lincicome's prior dismissal without prejudice on a certificate of review issue. Motion for Summary Judgment [Doc. 514] at 4 and Fact "D".

Even though Teamcorp/Karnan did not seek another extension to raise additional issues, they raise two new arguments in the reply, **eleven weeks** after the summary-judgment deadline expired. The reply asserts for the first time that (1) Hubbell/Hogan were required to file separate certificates of review for Teamcorp/Karnan and

Lincicome,[2] and (2) Lincicome's engineering stamp bars liability.[3] It also attaches extensive new exhibits related solely to the engineering stamp issue.

These new summary-judgment arguments violate the federal rule governing retroactive extensions of time, which requires a motion showing good cause and "excusable neglect", as well as court approval. Fed. R. Civ. P. 6(b)(1)(B); D.C.Colo.LCivR 6.1(C-E) (requiring motion for extension and court approval). Teamcorp/Karnan did not file a motion and made no attempt to establish good cause or excusable neglect in the reply. Thus, the reply flouts not only the deadline specifically set by the Court for asserting summary-judgment arguments, but also the procedure for seeking a retroactive extension.

Absent court approval, untimely-raised issues such as the new arguments in the reply cannot be given legal effect. *See, e.g.*, D.C.Colo.LCivR 6.1(F.2). Moreover, courts abuse their discretion if they grant relief without the required formal motion and showing of excusable neglect for a retroactive extension of time. *Smith v. Dist. of Col.*, 430 F.3d 450, 456-57 (D.C. Cir. 2006); *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1385-86 (Fed. Cir. 2005).

Therefore, the Court should strike the reply in full, or at least strike the new arguments and exhibits.

---

[2] This issue is only ambiguously raised in the reply, and was not raised in the summary-judgment motion. When undersigned counsel contacted counsel for Teamcorp/Karnan to confer regarding this motion to strike, opposing counsel explained that the reply's assertion that "no such certificate of review has ever been filed" refers to Teamcorp/Karnan's argument that the Lincicome certificate of review filed in October 2005 does not cover Teamcorp/Karnan, and that Hubbell/Hogan were required to file a *separate* certificate of review for Teamcorp/Karnan.
[3] Motion for Summary Judgment at 4-7, Argument C.

**C. The presence of new issues also violates precedent limiting the scope of replies, thereby impacting Hubbell/Hogan's right to respond.**

As with standard motion practice, Rule 56 limits briefing to a motion, a response, and a reply -- the response and reply are limited in scope to issues raised by the prior filings and cross-motions are filed separately. *E.g.*, Fed. R. Civ. P. 56(c); D.C.Colo.LCivR 7.1, 56.1. The rules do not contemplate any other briefs. Thus, moving parties are permitted to open and close the briefing, while responding parties normally have only one briefing opportunity to respond to issues raised in the motion. *E.g.*, *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991).

Permitting a summary-judgment reply to raise new issues or new evidence unfairly threatens non-moving parties with adverse judgment without a meaningful opportunity to respond. *E.g.*, Fed. R. Civ. P. 56(e)(2); *see also Pippen v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1992 (10th Cir. 2006); *Beaird v. Seagate Tech. Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998).

Therefore, courts must choose: (1) strike or disregard the new arguments and evidence; or (2) allow the non-moving party to file a sur-reply before considering the new arguments. *E.g.*, *Pippen, supra.* Courts abuse their discretion if they consider the new issues without permitting additional briefing. *Id.*

In this case, the proper relief is to strike or disregard the new arguments because they are untimely, raised in a manner to evade the summary-judgment deadline and the mandatory procedure for seeking extensions of time as well as Hubbell/Hogan's opportunity to respond. *See* Argument B above. Considered in combination with the lack of required fact sections, *see* Argument A above, the reply should be stricken

entirely. If the new arguments are not stricken, then the Court must grant leave for a Hubbell/Hogan sur-reply.

## CONCLUSION

The problems with the reply are not merely procedural. The procedures are in place to protect substantive rights, and Teamcorp/Karnan's multiple violations of procedure threaten the Court's authority and ability to fairly and correctly determine the substantive issues that were timely raised.

Therefore, Hubbell/Hogan request that the Court grant the most fair and efficient relief of striking Teamcorp/Karnan's reply [Doc. 543] in full. If that relief is denied, Hubbell/Hogan request that the Court strike or disregard the two new legal arguments and exhibits. As a last alternative, Hubbell/Hogan request that the Court grant leave to file a sur-reply.

Respectfully submitted this 29th day of June, 2010.

FOWLER, SCHIMBERG & FLANAGAN, P.C.

s/Katherine Taylor Eubank
Daniel M. Fowler
Katherine Taylor Eubank
1640 Grant Street
Denver, CO 80203
(303) 298-8603

ATTORNEYS FOR THIRD-PARTY PLAINTIFFS PLATT T. HUBBELL and KELLEY S. HUBBELL, n/k/a KELLEY S. HOGAN

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2010, a true and correct copy of the foregoing **HUBBELL/HOGAN'S MOTION TO STRIKE TEAMCORP/KARNAN'S SUMMARY-JUDGMENT REPLY [DOC. 543] OR FOR ALTERNATIVE RELIEF** was filed and served on the following via the US District Court ECF filing system:

Robert S. Hoover, Esq.
Sherman & Howard, LLC
201 N. Mill Street
Aspen, CO 81611
Email: rshoover@krabacher.com
*Attorneys for Carney Brothers Construction,*
*Ian Carney and Richard Carney*

L. Kathleen Chaney, Esq.
Jerad A. West. Esq.
Lambdin & Chaney, LLP
4949 South Syracuse Street, Suite 600
Denver, CO 80237
Email: kchaney@lclaw.net
*Attorneys for Teamcorp, d/b/a Draft-Tek and Kerry M. Karnan*

Bruce N. Shibles, Esq.
Joel N. Varnell & Associates
1801 Broadway, Suite 1500
Denver, CO 80202
Email: bruce.shibles@farmersinsurance.com
*Attorneys for T.J. Concrete Construction, Inc.*

s/Leslie Johnson
Leslie Johnson