IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 05-cv-00026-CMA-KLM

PLATT T. HUBBELL, and
KELLEY S. HUBBELL,

    Third-Party Plaintiffs,

v.

CARNEY BROTHERS CONSTRUCTION, a Colorado corporation,
IAN CARNEY,
RICHARD CARNEY,
TEAMCORP, INC. d/b/a DRAFT TEK, a Colorado corporation,
T.J. CONCRETE CONSTRUCTION, INC., a Colorado corporation, and
KERRY M. KARNAN,

    Third-Party Defendants.

---

**ORDER DENYING MOTION TO CERTIFY ORDER ADOPTING AND AFFIRMING MAY 26, 2010 RECOMMENDATION FOR AN IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

---

This matter is before the Court on Third-Party Defendants Teamcorp, Inc. d/b/a Draft-Tek ("Teamcorp") and Kerry Karnan's Renewed Motion to Certify Order Adopting and Affirming May 26, 2010 Recommendation for an Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) (the "Renewed Motion to Certify"). (Doc. # 545.) For the following reasons, the Renewed Motion to Certify is denied.

## I. BACKGROUND[1]

On February 16, 2010, Third-Party Defendants Teamcorp and Kerry M. Karnan filed a Designation of Non-Parties at Fault. (Doc. # 495.) In pertinent part, Teamcorp and Karnan sought to designate various non-parties "who may be wholly or partially at fault for Plaintiffs' alleged damages, injuries or losses[,]" pursuant to COLO. REV. STAT. § 13-21-111.5. (Doc. # 495.) Alpine Bank[2] and Mr. Thane R. Lincicome[3] were among the various individuals and organizations that Teamcorp and Karnan sought to designate. (*Id.*, ¶ 2; Doc. # 506 at 3.)

On February 23, 2010, the Hubbells filed a Motion to Strike Teamcorp and Karnan's Designation of Non-Parties at Fault. (Doc. # 496.) In pertinent part, the Hubbells contended that the Designation of Non-Parties utterly fails to comport with the 90-day deadline set forth in COLO. REV. STAT. § 13-21-111.5(3)(b), as these

---

[1] A broader overview of the facts of this case and the procedural posture is set forth in the Court's Order Adopting and Affirming May 26, 2010 Recommendation of United States Magistrate Judge. (Doc. # 537.)

[2] Alpine Bank had provided the Third-Party Plaintiffs Platt T. Hubbell and Kelley S. Hubbell ("the Hubbells") a home construction loan. Alpine Bank eventually sued the Hubbells for the outstanding loan balance, and the Hubbells asserted counterclaims against Alpine Bank for breach of contract, negligent misrepresentation, fraudulent non-disclosure, and violation of the Colorado Consumer Protection Act, resulting from Alpine Bank's alleged misrepresentation of construction-related information. Alpine Bank moved for summary judgment against the Hubbells, which was granted in its favor; the Hubbells counterclaims against Alpine Bank were dismissed, and the Tenth Circuit affirmed the Court's summary judgment Order. (Doc. # 292 at 36-37; Doc. # 432.)

[3] Thane R. Lincicome is a licensed professional engineer who approved the structural specifications for the residence the Hubbells were building. The Hubbells filed a Third-Party Complaint against Thane R. Lincicome and other individuals and entities involved in the residence's construction. (Original Third-Party Complaint at Doc. # 25; Amended Third-Party Complaint at Doc. # 104.) On August 10, 2006, Mr. Lincicome was dismissed from the action, which dismissal was later amended to be without prejudice. (Doc. ## 227, 285.)

designations are approximately four years too late, and fail to comport with the statute's specificity requirements concerning the identification of non-parties. (*Id.* at 1.)

On March 19, 2010, Teamcorp and Karnan responded to the Hubbells' Motion to Strike, arguing that the statute "provides for a liberal policy of allowing designation of non-parties at fault beyond 90 days from the filing of the action" and that "good cause" warrants the late designation. (Doc. # 506 at 3.) Also in the Response brief, Teamcorp and Karnan withdrew their designation of Alpine Bank "[b]ecause the Court has already ruled that Alpine Bank has no responsibility for Plaintiffs' claimed damages[.]" (*Id.* at 6.) However, the request to designate Lincicome as a non-party remained. (*Id.* at 6-7.)

On April 12, 2010, the Hubbells filed a "Combined Reply/Response Re. Motions [doc. 496] [doc. 507] Pertaining to Teamcorp/Karnan's Designation of Non-Parties at Fault [doc. 495]." (Doc. # 521.) In pertinent part, the Hubbells contended that Teamcorp and Karnan fail to provide any "support for their liberal construction of the statutory requirements for designating non-parties who used to be parties" or that a four-year extension of time is warranted. (*Id.* at 3-4.)

On April 29, 2010, Teamcorp and Karnan filed their Reply. (Doc. # 524.) In this Reply, Teamcorp and Karnan asserted, for the first time, that COLO. REV. STAT. § 13-21-111.5(3)(b) "clearly states that the 90 day timeframe only applies to non parties who have not reached a settlement with the Plaintiff." (*Id.* at 2.)

On May 26, 2010, Magistrate Judge Mix issued a Recommendation that Third-Party Defendants' Motion for Leave to File Non-Party Designations Out of Time be

denied and that the Hubbells' Motion to Strike the Designation of Non-Parties at Fault be granted. (Doc. # 530 at 2.) Magistrate Judge Mix concluded that Teamcorp and Karnan had failed to explain why Mr. Lincicome could not have been designated earlier. (*Id.* at 6-7.)

On June 4, 2010, Teamcorp and Karnan filed a "Partial Objection to Magistrate's Recommendation Dated May 26, 2010 [Doc. # 530]". (Doc. # 536.) In sum, Teamcorp and Karnan objected to the Recommendation to the extent it applied to former defendant Thane Lincicome. In pertinent part, Teamcorp and Karnan re-asserted their contention that "[n]either the statute nor any interpreting case law requires a former settling party to be designated within a specified time period." (*Id.*, ¶ 8.)

On June 10, 2010, this Court issued an Order Adopting and Affirming Magistrate Judge Mix's May 26, 2010 Recommendation (the "Interlocutory Order"). (Doc. # 537.) In that Order, the Court noted that for a designation of a non-party to be proper, the moving party must give notice of the designation within 90 days of the commencement of the action unless the court considers a longer period necessary, pursuant to COLO. REV. STAT. § 13-21-111.5(3)(b). (*Id.* at 6.) The Court also noted the following factors that courts must consider when assessing the necessity of an extension beyond the 90-day designation deadline: (1) whether the neglect was excusable; (2) whether the party making the late designation has alleged a meritorious defense or claim; and (3) whether relief from the deadline would be inconsistent with equitable considerations. (*Id.* at 6-7) (citing *Daughtery v. Bissell,* No. 08-cv-1931, 2009 WL 2853108, at *2 (D. Colo. Sept. 1,

2009) (unpublished)). The Court rejected Teamcorp and Karnan's argument that the designation of settling non-parties is timely so long as the designation occurs prior to judgment. (*Id.* at 7.) Teamcorp and Karnan failed to cite any cases that either support or explicitly address their proposition that the 90-day deadline does not apply to settling non-parties and failed to establish whether any of the factors for granting an extension of time were satisfied. (*Id.* at 7-8.)

On June 21, 2010, Teamcorp and Karnan filed the instant Renewed Motion[4] to Certify Order Adopting and Affirming May 26, 2010 Recommendation for an Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) (the "Motion to Certify the June 10, 2010 Order for an Immediate Appeal".) (Doc. # 545.) Teamcorp and Karnan maintain that no rational basis exists to exclude the designation of Lincicome, a former party sued by the Plaintiffs. (*Id.*, ¶ 5.) Teamcorp contends that its "rights are severely prejudiced by the Court's ruling . . . as it precludes evidence and apportionment by the jury of former Defendant Lincicome's liability for the Plaintiffs' claimed damages, thereby exposing Teamcorp to liability for more than their fair share of the damages." (*Id.*, ¶ 8.) Teamcorp asks the Court to certify the June 10, 2010 Order, pursuant to 28 U.S.C. § 1292(b). (*Id.* at 5.)

On July 15, 2010, the Hubbells opposed the Motion to Certify. (Doc. # 552.) They contend that Teamcorp and Karnan have failed to establish that the designation issue is an "exceptional" case that meets the following three conditions pursuant to 28

---

[4] Teamcorp and Karnan first filed a motion to certify on June 11, 2010. (Doc. # 538.) On June 16, the Court struck that motion for failure to comply with the Court's local rules. (Doc. # 541.)

U.S.C. § 1292(b): (1) the June 10, 2010 Order involves a "controlling question of law"; (2) the designation issue presents "substantial ground for difference of opinion"; and (3) immediate appeal would "materially advance" termination of the litigation.

On August 2, 2010, Teamcorp and Karnan replied. (Doc. # 555.) In pertinent part, they contend that the three conditions of § 1292(b) are met. First, they contend that the designation issue is a "'controlling question of law' involving the interpretation of C.R.S. § 13-21-111.5(3)(b.)" (*Id.* at 1.) Second, they contend that this issue's resolution will materially advance the litigation because failure to resolve will likely result in the "retrial of the case and the addition of years to its final resolution." (*Id.* at 2.) Finally, they cite to *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75 (Colo. 2001) for the proposition that the striking of a non-party designation is the proper subject of interlocutory appeal. (*Id.*)

## II. ANALYSIS

Under 28 U.S.C. § 1292, "a district court may certify for appeal an otherwise unappealable interlocutory order if the court determines that 'such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Homeland Stores, Inc. v. Resolution Trust Corp.*, 17 F.3d 1269, 1271 (10th Cir. 1994) (quoting 28 U.S.C. § 1292). "Section 1292(b) is meant to be used sparingly and interlocutory appeals under this section are rare. Interlocutory appeals may be permitted when an immediate appeal of a controlling issue

will avoid protracted litigation." *Lindley v. Life Investors Ins. Co. of Am.*, Consolidated Case No. 08-cv-0379, 2010 WL 2465515, at *2 (N.D. Okla. June 11, 2010) (unpublished) (internal citations omitted.) Only "exceptional" circumstances warrant interlocutory appeals under § 1292(b). *See, e.g., Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *see also Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (interlocutory appeals are generally prohibited unless litigants can show that an order will have serious consequences that can only be prevented by immediate appeal rather than appeal after judgment.) "Unless *all* the[ ] criteria [in § 1292(b)] are satisfied, the district court may not and should not certify its order to [the appellate court] for an immediate appeal[.]" *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000) (emphasis in original).

In the instant case, for the reasons discussed below, the Court finds that certification of the late-designation issue for an interlocutory appeal is not warranted pursuant to 28 U.S.C. § 1292(b); this is not an "exceptional" case.

"It is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983) (emphasis in the original). The Court is unpersuaded that a substantial ground for difference of opinion exists, despite the fact that the instant parties have taken opposing views as to the designation requirements

7

set forth in section 13-21-111.5(3)(b) (a/k/a the "Proportionate Fault Statute")[5] of the Colorado Revised Statutes.

Section 13-21-111.5(3)(b) states, in pertinent part:

> Negligence or fault of a nonparty may be considered if the claimant entered into a settlement agreement with the nonparty or if the defending party gives notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action **unless the court determines that a longer period is necessary**.
>
> * * *

(Emphasis added.)

In an earlier filing, Teamcorp and Karnan contended, without any adequate support, that "[a] plain reading of the statute does not require notice to be given of a nonparty who settled in order to have its negligence or fault considered. The designation requirement, i.e., **notice**, applies only to nonsettling nonparties whose negligence or fault should be considered." (Doc. # 536, ¶ 4; emphasis in original.) Teamcorp and Karnan further state, "[b]y use of the word "**or**" after the section dealing with settling parties instead of "**and**" the Statute clearly states that the notice requirement within the 90 day timeframe only applies to nonparties who have not reached a settlement with the Plaintiff." (*Id.*, ¶ 5; emphasis in original.) However, as already discussed in the Court's Interlocutory Order,[6] and despite their repeated briefing of this matter, Teamcorp and Karnan have not cited to a case that supports this

---

[5] *See, e.g.*, *M.R. Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1455 (D. Colo. 1989); *Graber v. Westaway*, 809 P.2d 1126, 1127 (Colo. Ct. App. 1991.)

[6] Doc. # 537 at 7-8.

8

interpretation of the statute and/or articulates a difference between settling nonparties and nonparties who were never part of the action.

Further, Teamcorp and Karnan wrongly contend that the Proportionate Fault Statute's purpose "is to allow the plaintiff 'to respond to the designation by amending its complaint to add the designated party as a defendant or [take] whatever steps it deems appropriate.'" (*Id.*) (quoting, **out of context**, *Thompson v. Colo. E. R.R. Co.*, 852 P.2d 1328, 1329 (Colo. App. 1993).) Rather, "[t]he **primary purpose** of the statute was to abolish the harsh effects of joint and several liability[.]" *Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1457 (D. Colo. 1989) (emphasis added); *see also Pedge v. RM Holdings, Inc.*, 75 P.3d 1126, 1128 (Colo. Ct. App. 2002) (the statute's purpose is to "ensure[ ] that parties found liable will not be responsible for more than their fair share of the damages.") (citing *Stone v. Satriana*, 41 P.3d 705 (Colo. 2002)); *Graber v. Westaway*, 809 P.2d 1126, 1128 (Colo. Ct. App. 1991) ("The proportionate fault statute abolished the harsh common law doctrine of joint and several liability which would require a defendant to bear a disproportionate share of liability for plaintiff's injuries, regardless of his degree of relative fault.").

In sum, if Teamcorp and Karnan seek to apportion liability among non-party tortfeasors, they must abide by the Proportionate Fault Statute's designation requirements. They failed to do so. The Court finds that a nearly four-year delay

9

in designating Mr. Lincicome as a non-party is inexcusable.[7]  Teamcorp and Karnan have not persuaded the Court to the contrary.

Teamcorp now contends that certification is warranted because its "rights are severely prejudiced by the Court's ruling on this issue as it precludes evidence and apportionment by the jury of former Defendant Lincicome's liability for the Plaintiffs' claimed damages, thereby exposing Teamcorp to liability for more than their fair share of the damages."  (Doc. # 545, ¶ 8.)  To be clear, it is **Teamcorp's** (and Karnan's) untimeliness and lack of diligence, **not** the Court's ruling, that has caused any purported prejudice.  Further, this Court's ruling on Teamcorp and Karnan's inability to designate late-designate Mr. Lincicome at this late date does not foreclose their ability to present evidence relating to mitigation of damages at trial.

The Court is not persuaded that the natural course of this litigation prevented Lincicome's timely designation.  As noted in the Court's Interlocutory Order (Doc. # 537) and in Magistrate Judge Kristen L. Mix's May 26, 2010 Recommendation (Doc. # 530), Teamcorp and Karnan have failed to explain why they could not have designated Mr. Lincicome much earlier.  Therefore, the Court's denial of Teamcorp and Karnan's Motion to Designate and the instant denial of their Renewed Motion to Certify would not have a "serious, perhaps irreparable, consequence" that would warrant immediate appeal.  See Carson v. Am. Brands, Inc., 450 U.S. 79, 84 (1981).

---

[7] In the instant case, Teamcorp and Karnan did not attempt to designate Mr. Lincicome as a non-party until February 16, 2010, **three-and-a-half years *after*** Mr. Lincicome was dismissed from this action. (Dismissal of Mr. Lincicome at Doc. # 227; Designation of Non-Parties at Fault at Doc. # 495.)

### III. CONCLUSION

Accordingly, based on the foregoing,

IT IS ORDERED THAT Third-Party Defendants Teamcorp, Inc. d/b/a Draft-Tek ("Teamcorp") and Kerry Karnan's Renewed Motion to Certify Order Adopting and Affirming May 26, 2010 Recommendation for an Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) (Doc. # 545) is DENIED.

DATED: September __8__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge