IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 05-cv-00026-CMA-KLM

PLATT T. HUBBELL, and
KELLEY S. HUBBELL,

    Third-Party Plaintiffs,

v.

CARNEY BROTHERS CONSTRUCTION, a Colorado corporation,
IAN CARNEY,
RICHARD CARNEY,
TEAMCORP, INC. d/b/a DRAFT TEK, a Colorado corporation,
T.J. CONCRETE CONSTRUCTION, INC., a Colorado corporation, and
KERRY M. KARNAN,

    Third-Party Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION TO SUPPLEMENT EXPERT APPRAISAL (#592) AND GRANTING T.J. CONCRETE'S MOTION TO STRIKE SUPPLEMENTAL EXPERT APPRAISAL (#610)**

This matter is before the Court on Third-Party Plaintiffs Platt T. Hubbell and Kelley S. Hubbell's[1] ("Hubbells") Motion to Supplement Expert Appraisals (Doc. # 592) and Third-Party Defendant T.J. Concrete Construction, Inc.'s ("T.J. Concrete") Joinder in Teamcorp./Karnan's Motion to Strike the Hubbells' Supplemental Expert Appraisal (Doc. ## 607, 610). For the following reasons, the Hubbells' motion to supplement is granted, and T.J. Concrete's motion to strike is granted.

---

[1] Kelley S. Hubbell is now known as Kelley S. Hogan.

## I. BACKGROUND

**A.   FACTUAL BACKGROUND**

The lengthy litigious history surrounding this construction defect case will not be repeated here but is set forth in the Court's orders of August 10, 2006 (Doc. # 227) and March 2, 2007 (Doc. # 292) and *Alpine Bank v. Hubbell*, 555 F.3d 1097 (10th Cir. 2009). In addition, the following facts are undisputed unless otherwise noted.

The Hubbells entered into an agreement with Third-Party Defendant Teamcorp, Inc. d/b/a Draft Tek for design and drafting services relating to the construction of a residence. T.J. Concrete began the construction and poured the foundation in May 2003. The Hubbells claim the wrongful conduct of T.J. Concrete and the other Defendants[2] resulted in the residence being constructed in a defective manner.

The original budget to complete the construction of the house was $1,377,915. In November 2003, the general contractor informed the Hubbells that a revised budget to complete the house was $2,100,000. Construction on the project ceased in December 2003, at which time approximately $750,000 of the loan budget had been disbursed by Alpine Bank, the original Plaintiff in this action. The Hubbells ultimately defaulted on the loan. Alpine Bank foreclosed on the property and purchased it for $585,000 at a sheriff's sale on Sept. 30, 2009.

---

[2]  The Hubbells dismissed their claims against third-party defendants Carney Brothers Construction, Ian Carney, and Richard Carney (Doc. # 557) and have notified the Court that they have reached a settlement in principle with Teamcorp, Inc. and Kerry Karnan. (Doc. # 616.)

**B.     PROCEDURAL BACKGROUND**

The Court determined the proper measure of damages is diminution in value ("DMV") along with any loss of use damages the Hubbells could prove. (Court's Order of Dec. 13, 2010 (Doc. # 586) at 12). The Court rejected repair or replacement costs. Because the Hubbells no longer own the property, such costs would result in a windfall to the Hubbells. Additionally, the Court indicated that it was "inclined" to allow the Hubbells' to supplement their expert report in view of its ruling, but instructed the Hubbells to separately move for such relief and "set forth sufficient good cause." (*Id.* at 12 n.3.)

The Hubbells then moved for leave to supplement their expert appraisal, and T.J. Concrete opposed the motion. (Doc. # 601.) With their reply, the Hubbells provided a copy of the supplemented appraisal. The supplemental appraisal proffers two measures of DMV damages:

(1)     Value as if completed with no defects on May 1, 2004 ($1,780,000) - Value as is on May 1, 2004 ($710,000) = $1,070,000

(2)     Value as if completed on Sept. 30, 2009 ($1,400,000) - Bid price at sheriff's sale on Sept. 30, 2009 ($585,000) = $815,000

(Suppl. Expert Appraisal (Doc. # 607-1) at 11-12.) Nowhere does the expert opine as to the value of the property in its incomplete state without defects. T.J. Concrete now moves to strike the report, claiming this is an improper calculation for DMV damages.

## II. ANALYSIS

**A.  MOTION TO SUPPLEMENT EXPERT REPORT**

A party is permitted to supplement an expert report after the close of discovery if the failure to supplement the report timely is "substantially justified or harmless." *See* Fed. R. Civ. P. 37(c)(1). In determining whether such a failure is justified or harmless, the Court should consider:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Application of the *Woodworker's* criteria to the facts of this case show that the Hubbells' motion should be granted. While the Court found that the DMV measure of damages is well-settled in Colorado, the Court is not unsympathetic to the Hubbells' position. Their reading of the CDARA statute, though incorrect, was not unreasonable, and the Court issued its ruling concerning the proper measurement of damages after the close of expert discovery. Additionally, the Hubbells disclosure of the supplemental opinion provided T.J. Concrete over a month to incorporate the new opinions into their trial preparation. As such, the Court grants the Plaintiff's Motion to Supplement the Expert Report.

T.J. Concrete also moves to strike the portion of the supplemental opinion dated May 19, 2008, contending this portion should have been disclosed earlier. (*See* Suppl. Expert Appraisal (Doc. # 607-1) at 1-3.) Because this opinion provides support for at least a portion the supplemental appraisal, the Court will allow the supplementation. (*See id.* at 11 (regarding the May 19, 2008 "As Is" value of $ 885,000).)

**B.    MOTION TO STRIKE EXPERT REPORT**

T.J. Concrete seeks to strike the supplemental opinion of Hubbells' expert witness, claiming this is an improper calculation for DMV damages. Federal Rule of Evidence 702 provides that an expert witness may provide opinion testimony if:

> (1) the testimony is based upon sufficient facts or data,
> (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. R. 702. As interpreted by the Supreme Court, Rule 702 requires that an expert's testimony be both reliable, in that the expert is qualified to testify regarding the subject, and relevant, in that it will assist the trier of fact. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589-92 (1993); *Truck Ins. Exchange v. MagneTek, Inc.*, 360 F.3d 1206, 1210 (10thr. 2004). T.J. Concrete contends the Hubbells' supplemental report is not relevant to an issue in the case for two reasons. First, T.J. claims the Hubbells' calculations do not measure how much the home value was diminished because of the alleged defects, and second, the calculations ignore the fact the home was never fully constructed. (Teamcorp.'s Mot. to Strike (Doc. # 607) at 5; T.J. Concrete's Joinder of Mot. to Strike (Doc. # 610) at 2.) Both arguments are premised

5

on the fact that the calculations consider the value of a fully constructed home and would thereby credit the Hubbells with a home they never fully financed. *Id.* at 7.

The Hubbells respond that the additional anticipated but unexpended costs to complete the home constitute an offset rather than a factor to be incorporated into the DMV calculation. (Hubbells' Resp. (Doc. # 617) at 7.) In support, the Hubbells claim they have a valid expectation interest in the completed residence and a right to recover damages for the loss of that expectation caused by T.J. Concrete. *Id.*

*Goodyear Tire & Rubber Co. v. Holmes*, 193 P.3d 821, 827 (Colo. 2008) defines DMV damages as "the difference in value of the property before and after the injury to the property occurs." Because the construction of the home in this case was never completed, the injury in this case is the defect that was present at the time construction ceased. Accordingly, DMV damages are the ***value of the home in its incomplete state (when construction ceased) defect-free*** minus ***the value of the home in its incomplete state with the alleged defects***. The measurement proffered by the Hubbells' expert would award a windfall because it would give the Hubbells the damages resulting from the completion of the house, which they never financed. Nothing in the authority cited by the Hubbells dictates a contrary holding. *See, e.g.,* 25 A.L.R.2d 1085 §§ 2 ("the proper measure of damages is the difference between the value of the building as it *is* and the value it would have had if it had been made upon correct plans and specifications.") Additionally, the Court rejects the Hubbells'

6

contention that the DMV damage calculation must incorporate loss of expectation interest. Such losses are not relevant to the calculation of DMV damages.

### III. **CONCLUSION**

Accordingly, for the foregoing reasons it is

ORDERED that Third-Party Plaintiffs Platt T. Hubbell and Kelley S. Hubbell's Motion to Supplement Expert Appraisals (Doc. # 592) is GRANTED. It is further

ORDERED that Teamcorp./Karnan's Motion to Strike the Hubbells' Supplemental Expert Appraisal (Doc. ## 607, 610), in which Third-Party Defendant T.J. Concrete Construction, Inc.'s Joined, is GRANTED. It is further

ORDERED that the Hubbells and T.J. Concrete shall be permitted to simultaneously exchange, by noon on March 28, 2011, expert reports addressing the calculation of DMV damages as set forth herein. It is further

ORDERED that, should either party deem it necessary to conduct the deposition of the other party's expert regarding that expert's opinion on DMV, the other party shall make that expert available for a deposition limited to the issues set forth in the report, such deposition(s) to take place no later than close of business on March 31, 2011.

DATED: March  23 , 2011

BY THE COURT:

_Christine M. Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge